# Page *v.* The State.

*Indictment for an Assault with Intent to Murder or Maim.*

1    *Plea of self-defense ; when it can not be invoked.*—Any one who brings
·on, or provokes a personal rencounter, thereby disables himself from rely-
ing on the plea of self-defense in justification of a blow which he struck
·during such rencounter.

APPEAL from the City Court of Montgomery.

Tried before Hon. T. M. ARRINGTON.

At the February Term, 1881, of said court, the defendant
was indicted for an assault upon one Lorenzo Phillips, with the
intent to murder or maim him; and the cause was tried on the
plea of not guilty.    On the trial, the State examined said Phil-
lips as a witness, who testified that "within twelve months be-
fore the indictment was found, and in Montgomery county, he
was clerking in a store, when defendant came in and asked for
his account.   The correctness of the account was denied by de-
fendant, though he paid it.    After this, witness told defendant
that his wife owed an account at said store, and defendant de-
nied the correctness of that account, and said that witness had
swindled or cheated him before.    This led to some words be-
tween them which culminated in a quarrel between witness and
defendant, when defendant dared him out of the store, and
with an oath told him if he came out, he, defendant, would
chill the blood in witness.    Defendant then went out of the
store," and after some moments witness followed, taking in his
hand a scale weight.    As he was going out of the door, he saw
·defendant with an axe in his hand.    As witness reached the
ground, he stumbled and fell on one knee, and "as he fell de-
fendant raised the axe in a striking attitude and advanced to-
wards witness.    Witness then threw the weight at defendant,
and immediately thereupon witness received a blow with the
axe from the hands of defendant which knocked him down and
cut a gash about two inches long in witness' face.    Defendant
then threw down the axe and ran."    This witness was substan-
tially corroborated by others.    The evidence tended to show
that defendant had no axe in his hand when he was in the store.
This being substantially all the evidence bearing on the question
raised by the bill of exceptions, the court charged the jury,
among other things, that "if one person challenges another to

[Page v. The State.]

fight and the other accepts the challenge, and they go out and fight, then neither can invoke the right of self-defense in justification." To the giving of this charge the defendant excepted. The defendant was convicted of an assault and battery. The error assigned is the giving of the above noted charge.

JOHN GINDRAT WINTER, for appellant.—The charge of the court was clearly erroneous. It took away from the consideration of the jury the question as to whether or not the "challenge to fight" was with deadly weapons. It not only excluded from the consideration of the jury the question as to whether or not the defendant, by his conduct, produced the *necessity* for striking the blow, but stated in effect that his fighting in pursuance of the "challenge to fight" produced, *of itself*, *the necessity*. See *Eiland v. The State*, 52 Ala. 322.

H. C. TOMPKINS, Attorney-General, for the State.—The proof in this cause shows, that defendant went upon the premises of the person assaulted, raised a difficulty with him, and dared him out of his house to fight. Thus having challenged the assailed to fight, he could, under no possible circumstances, have invoked the doctrine of self-defense, unless he quit the combat and retreated as far as he could. This the proof showed the defendant did not do, but waited on the outside for the challenged party, and, when he came out, advanced upon him. There was, therefore, no error in the charge of the court.—*Lewis v. The State,* 51 Ala. 1; *Eiland v. The State,* 52 Ala. 322; *Cross v. The State,* 63 Ala. 40; *Hill v. The State,* 4 Dev. & Bat. 491; *Vaiden v. The Com.,* 12 Gratt. 730; 1 Hale P. C. 482, 452, 479.

STONE, J.—Any one who brings on, or provokes a personal rencontre, thereby disables himself to rely on the plea, that the blow he struck in such provoked difficulty was inflicted in self-defense.—1 Bish. Cr. Law, § 844; *State v. Neeley,* 20 Iowa, 108; *Adams v. People,* 47 Ill. 376; *State v. Starr,* 38 Mo. 270. See, also, authorities on brief of the Attorney-General.

Affirmed.