# Henry *v.* The State.

*Indictment for Assault and Battery.*

1. *Conduct of prosecutor prior to assault; admissibility as evidence.* The difficulty between the defendant and the prosecutor, originating in a dispute about the latter's refusal to sell ice for a sick person, on request of a youth who was the defendant's cousin, having taken place in the afternoon; and it being shown that the prosecutor went, during the morning of that day, to the store of the defendant's father, to explain or talk about the matter; the fact that he was then angry and agitated, or his manner objectionable, is too far removed from the subsequent assault and battery to form a part of the *res gestæ*, and is not competent evidence for the defendant for any purpose.

[Henry v. The State.]

2. *Impeaching witness.*—As affecting the credibility of a witness, it is permissible to show that he entertains, or has expressed, feelings of sympathy or hostility towards the party by or against whom he is introduced, but not towards a third person who did not take part in the difficulty.

3. *Self-defense.*—If the defendant himself provoked the difficulty, or was instrumental in bringing it on, he can not set up the plea that he acted in self-defense.

FROM the Circuit Court of Etowah.

Tried before the Hon. JAMES AIKEN.

The defendant in this case, James F. Henry, was indicted for an assault and battery on James R. Nowlin, and, on being tried on issue joined on the plea of not guilty, was convicted, and fined $50. " On the trial," as the bill of exceptions states, " the State introduced James R. Nowlin as a witness, who testified that, on the morning before the difficulty in the evening, he went to the store of Col. Sam. Henry, the father of the defendant, to see about a statement made by Walter Henry, his nephew, a cousin of the defendant, about witness' refusal to allow said Walter to have ice for the sick daughter of said Sam. Henry ; that while at the store, said Walter not being there, Sam. Henry said he would send Walter down when he came ; that witness replied, ' All right, you can do as you see proper about that ;' that afterwards, about four o'clock in the evening of that day, defendant came, with said Walter, to witness' store, and into the back room where witness was, and introduced Walter to witness, saying, ' I understand you wanted to see him about that ice ;' that thereupon witness and said Walter had a conversation about the ice, and then defendant and Walter started out of the room, witness following them ; that as they got near the soda-fount, defendant said, ' This is the second time you have refused us ice for the sick ;' that witness replied, ' I thought that old matter was fully explained to your satisfaction ;' that defendant said, ' Yes, like this : in the first case, you put it on Stewart, your clerk, and now you put it on Moragne, your clerk ; and I believe you did it on purpose ;' that witness and defendant were then walking side by side, defendant going in the direction of the door, and witness then stepped rather facing him, and said, ' That is not so, sir ;' that he did not know what the position of his hands was at the time ; and that thereupon defendant said, ' That is a d—d lie,' and struck witness on the forehead. The defendant asked said witness, what was his manner, and the character of his voice and language, when he was at Henry's store in the morning ; if he was not angry or agitated at the time ; and if Col. Henry did not order him out of the store, in consequence of his manner and conduct." To each of these questions, the State objected, and the court sustained the objections ; to which

[Henry v. The State.]

rulings exceptions were duly reserved by the defendant. Another witness for the State testified, "that both parties seemed willing to fight; that he (witness) caught hold of defendant, and asked him to stop; that the defendant did so, and went out of the store very quietly; that the parties were not hard to part, and the affair was very quiet."

On all the evidence adduced, which it is unnecessary to state in full, the defendant asked the court to charge the jury as follows: "If the jury have any reasonable doubt, as to whether the circumstances surrounding the defendant at the time he struck Nowlin were such as to cause the defendant to have any reasonable apprehension that it was necessary for him to strike Nowlin, in order to protect himself from Nowlin; then the jury must give the defendant the benefit of this doubt, and conclude that the surroundings were such as to produce a reasonable apprehension in the mind of the defendant." The court refused this charge, and the defendant excepted.

WM. H. DENSON, and WATTS & SON, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The court did not err in excluding evidence of the manner and conduct of the witness Nowlin, and of his being angry and agitated, when at Henry's store in the morning of the day on which the rencontre occurred. It was too far removed, in point of time and place, from the subsequent battery, to constitute a part of the *res gestæ;* and was not admissible, either in extenuation or in justification.—*Rosenbaum v. State*, 33 Ala. 354; *Keiser v. Smith*, 71 Ala. 481. Neither was it admissible as affecting the credibility of the witness. While, for this purpose, it is admissible to show the feeling, whether of sympathy or hostility, which the witness may have, or may have expressed, towards the party by or against whom he is introduced, it is not competent to show that he entertained such feeling towards another person, who did not take part in the difficulty.

There was evidence tending to show that the defendant was instrumental in bringing on the combat. Any one who provokes, or is instrumental in bringing on a personal rencontre, is precluded to set up the plea that he struck in self-defense. "A provoked assault is no defense."—*Page v. The State*, 69 Ala. 229; 1 Whar. Crim. Law, § 628. Also, if the defendant did not provoke the rencontre, he must, in order to avail himself of the plea of self-defense, have avoided or declined the combat, if there was any reasonable mode of escape without endangering his safety. Each of the charges requested by

defendant, ignored in its hypothesis both of these essential elements of the doctrine of self-defense; and for this reason was properly refused, without considering whether the rule is otherwise correctly asserted.

Affirmed.