# Lodge *v.* The State.

*Prosecution for Carrying Concealed Weapons.*

122   97
134    7
125   76

122   97
f134 158
f134 159

1. *Witnesses; evidence tending to show bias of witness admissible.* On a trial in a criminal case, where the principal witness for the State was a boy fourteen years of age, evidence of the ill will of the father and mother of such witness towards the defendant, which was known to the witness, is admissible and competent as affecting his credibility.

2. *Same; impeachment of persons not introduced as witnesses.*— Evidence tending to impeach certain persons who did not testify as witnesses in a case is inadmisable.

3. *Same; impeachment.*—After a witness has testified, it is competent to impeach his testimony by proof of his general bad character.

APPEAL from the Circuit Court of Cherokee.

Tried before the HON. J. A. BILBRO.

The appellant was indicted, tried and convicted for carrying a pistol concealed about his person. The facts of the case pertaining to the rulings of the trial court, which are reviewed on the present appeal, are sufficiently stated in the opinion.

DANIEL & BRINDLEY, for appellant.—The evidence offered to show the ill will of the father and mother of Otto Gordon upon whose affidavit the prosecution was commenced, was not admissible.—*Smith v. State*, 118 Ala. 117.

CHAS. G. BROWN, Attorney-General, for the State.

7

DOWDELL, J.—The defendant was tried and con-victed of carrying a pistol concealed about his person. The prosecution began upon a warrant issued upon the affidavit of one Otto Gordon, who was the principal wit-ness for the State upon the trial of the defendant, was a boy fourteen years of age, and the son of M. and Mrs. A. Gordon. The defendant sought to prove by this witness on cross-examination, ill will and a state of bad feeling on the part of both M. Gordon and Mrs. A. Gordon to-wards the defendant. This testimony was objected to by the State, on the ground that it was irrelevant and im-material, and the objection was sustained. The defend-ant also sought to prove by this witness, as tending to show ill will on the part of M. Gordon, the father, towards the defendant, the fact of a prosecution then pending against the defendant, commenced on affidavit of M. Gordon, charging him with adultery with one Belle Turner, which evidence was objected to by the State and the objection was sustained by the court.

That it is competent to show the state of feeling of a witness when called to testify cannot be doubted; the purpose being to give the jury all of the facts necessary to a full and fair consideration of his evidence, and to enable them to determine the degree of credit to be ac-corded the same.

It was decided in *Prince v. The State*, 100 Ala. 144, that it was competent for the defendant in a prosecution to show that the employer of a witness, testifying in behalf of the State against the defendant was taking in-terest in the trial of the case; the court using in that case the following language: "In weighing testimony the jury ought to be in possession of all the facts calculated to exert any influence upon the witness. It cannot be said as a conclusion of law that an employé testifying in a matter in which he knows his employer is interested personally or pecuniarily, is, or is not, wholly unbiased. It is proper for the jury to know the character of the in-terest of the employer, how it is to be affected, and in what way it is manifested. An employer may act from a sense of public duty, or be interested in seeing that another has a fair trial; or it may be that he is actuated

[Lodge v. The State.]

by pecuniary interest, or a spirit of revenge, or vindictiveness, and may use his position as employer to bias the evidence of his employé. We think it safe to hold, that when an employé is testifying, it may be shown that his employer is interested in the prosecution."

While it cannot be stated as a conclusion of law, that a son of tender years testifying against a party, towards whom his parent entertained ill feelings, that his testimony would or would not be wholly unbiased, nevertheless, it being but natural for the child to be more or less impressed with the sentiments and feelings of the parent, it is proper for the jury to be informed as to the state of bad feeling of the parent towards the defendant, if it be a fact, and such state of feeling, is also known to the child. We think the reasoning for the admissibility of evidence of this character is more cogent in the case of a child, who is under parental care and control, testifying as a witness, than in the case where the relationship is only that of employé and employer. This evidence should have been allowed, and the court erred in sustaining the solicitor's objection.

There was no error in the refusal of the court to allow the defendant to introduce impeaching evidence as to M. Gordon and Mrs. A. Gordon; neither one of these persons having testified as witness in the case. Nor was there any error in admitting the evidence as to the general bad character of Belle Turner. She having testified as a witness in the case, it was competent to impeach her testimony by proof of general bad character.

For the error pointed out in refusing to allow the defendant to show the state of bad feeling of the father and mother of the witness, Otto Gordon, towards the defendant, the judgment must be reversed and the cause remanded.

Reversed and remanded.