Affifmed.

# Hainsworth *v.* The State.

## *Indictment for Murder.*

1. *Trial and its incidents; when motion to exclude all the evidence of the State properly overruled.*—On a trial under an indictment for murder, where the evidence tending to connect the defendant with the homicide is circumstantial, but there was evidence introduced which, if believed by the jury, would support a verdict of guilty, it is proper for the court to overrule a motion of the defendant to exclude all the evidence of the State from the jury upon the ground that it was insufficient to support a verdict of guilty or to justify the submission of the cause to the jury.

2. *Evidence; when permissible to prove the facial expression of the defendant.*—On a trial under an indictment for murder, the evidence introduced for the State tended to show that the deceased was shot at night, between 9 and 10 o'clock, while on the front porch of his residence. Some four or five hours previous to the homicide, the deceased and defendant had a difficulty near the home of the former, and on leaving, the deceased, the defendant said: "I'll get you, you grand rascal." Shortly after that difficulty the defendant attended a prayer meeting at a church about a mile distant from his house and the home of the deceased. This meeting was held about two hours before the homicide was committed. *Held*: It was permissible for the State to prove the facial expression of the

defendant while at the prayer meeting, and such evidence was not subject to the objection that it was too remote from the time of the homicide, and was a mere statement of the conclusion of the witness.

3. *Charge of court to jury; when properly refused.*—On the trial of a criminal case, where the evidence for the State tending to connect the defendant with the offense charged is circumstantial, it is proper for the court to refuse a written charge requested by the defendant which was in the following language: "on this case the evidence is all circumstantial;" such charge not being an instruction and containing no proposition of law.

4. *Charge of court to jury; not error for court to refuse charges but mere repetitions of those previously given.*—The court commits no error in refusing to give charges requested by the defendant in a criminal case, which are mere repetitions of charges already given, or containing substantially the same propositions involved in the charges already given.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. WILLIAM F. HOGUE, Special Judge.

The appellant in this case, Wash Hainsworth, was indicted, tried and convicted for the murder of Frank Thomas, by shooting him with a gun, and was sentenced to the penitentiary for life.

On the trial of the case the evidence introduced on the part of the State tending to connect the defendant with the killing of the deceased, Frank Thomas, was circumstantial. In addition to proving that the defendant and the deceased had a quarrel and the defendant had threatened the deceased as shown in the opinion, it was further shown that after this quarrel the defendant went to church, and in order to return home from church it was necessary for him to pass by the house of the deceased; that the deceased was shot between 9 and 10 o'clock at night while he was on his front porch; that the shot was fired from behind a chicken house which was in deceased's yard; that this chicken house was between the road which the defendant had to go when returning from church and the house of the deceased. It was further shown that the defendant made false statements to the deputy sheriff who arrested him about his guns and

shells; that the gun of the defendant was found hidden in a closet and not in the place where defendant said he had placed it, and it showed that it had been recently fired, and it was shown that the defendant had shells of the character of those with which the deceased was killed, although he stated he had no such shells. There was evidence of other circumstances introduced by the State tending to connect the defendant with the homicide. It was shown that the deceased was killed by being shot with buckshot from a gun.

The defendant sought to prove an alibi. The other facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The court, at the request of the defendant, gave to the jury several written charges, and the defendant also requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "In this case the evidence is all circumstantial." (2.) "In this case the evidence is wholly circumstantial, and when the evidence is circumstantial, the circumstances must be so connected and complete as to exclude to a moral certainty every reasonable hypothesis but that of defendant's guilt before the defendant should be found guilty." (3.) "The evidence is all circumstantial. Such evidence is always insufficient unless is excludes to a moral certainty every other reasonable hypothesis but that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty by that full measure of proof which the law requires."

LOGAN & VANDEGRAAFF, for appellant.—The court erred in overruling the defendant's objection to the evidence introduced as to how the defendant looked at the prayer meeting several hours before the killing.—*Burton v. State*, 107 Ala. 126; *Burney v. Torrey*, 100 Ala. 157; *Thornton v. State*, 113 Ala. 43; *Jenkins v. State*, 82 Ala. 25; *Henry v. State*, 79 Ala. 42; *Gassenheimer v. State*,

52 Ala. 313; *Johnson v. State,* 17 Ala. 618; *S. & N. R. R. Co. v. McLendon,* 63 Ala. 266.

CHAS. G. BROWN, Attorney-General, and W. W. LAVENDER & ELLISON, THOMPSON & LOVING, for the State. The court did not err in overruling the objection of the defendant to the evidence of witness Ellis. It is clear that this evidence was competent; for a witness may testify as to the appearance of another, the weight of such testimony to be for the consideration of the jury. We think the whole ground of this objection is covered by the case of *Blount v. State,* 49 Ala. 391, in which case the court says: "The conduct, demeanor and expressions of the accused at or about the time of the commission of the oense with which he is charged are competent evidence against him, their value being determinable by the jury, and depending upon their connection with other evidence, criminatory or exculpatory." In this same connection see *Burton v. State,* 107 Ala. 126; *Burney v. Torrey,* 100 Ala. 157; *Thornton v. State,* 113 Ala. 43.

The 1st charge could have added nothing as the jury were the sole judges of the evidence and the charge would only be a statement as to what the evidence was; a fact which the jury already knew as well as the court.—*Miller v. State,* 107 Ala. 40; *Dill v. State,* 25 Ala. 15; Code, § 4334; *Parnell v. State,* 29 So. Rep. 860; *Henson v. State,* 120 Ala. 316.

TYSON, J.—At the close of the testimony offered in behalf of the State, the defendant moved the court to exclude all the evidence from the jury upon the ground that it was insufficient to support a verdict of guilty or to justify the submission of the case to the jury. This motion was overruled and properly so. Clearly the evidence was not without tendencies, which, if believed by the jury, would have supported a verdict of guilty. This being true, the defendant by his motion, could not transfer the burden and duty from the jury to the court, of determining its weight or credibility. The motion, as contended, is not the equivalent of a demurrer to the

evidence. Had a demurrer been interposed instead of the motion and issue been joined upon it, the court would have been bound to have rendered a judgment of conviction upon it. The trial of the case would, of course, have been at an end.—*Martin v. State,* 62 Ala. 240; *Brister v. The State,* 26 Ala. 127; *Bryan v. The State, Ib.* 65.

The evidence tends to show that deceased was shot at night between nine and ten o'clock while on the front porch of his residence. Some four or five hours previous to the homicide, he and the defendant had a difficulty at or near the home of the former. The wife of deceased testified that defendant said to deceased upon his leaving the place of the difficulty: "I'll get you, you grand rascal." The evidence further tends to show, that defendant shortly after the difficulty attended a prayer meeting which was in a church about a mile distant from his home and the home of deceased. The State, against his objection, was permitted to prove the facial expression of defendant while at the prayer meeting, some two hours before the homicide was committed. It is urged that this evidence was inadmissible because too remote—that it called for the appearance of defendant before the homicide was committed and was so far removed-from it as to form no part of the *res gestae* of the act of killing. We think this position wholly untenable. We can see no good reason why the facial expression of the defendant while forming the design, if he did so, to assassinate in the night time his neighbor, should not be introduced in evidence against him. If his countenance was such as to indicate that he was contemplating the commission of the offense, it is a fact which the prosecution is entitled to have go to the jury, along with all the criminating circumstances in the case. Whether or not the expressions of his face indicated that he was contemplating the commission of the crime was, of course, for the jury, as likewise was the value of such evidence, depending, of course, upon its connection with other evidence criminatory or exculpatory. In *Blount v. The State,* 49 Ala. 381, 384, the assault with which the defendants were charged was committed on persons having in custody one Floyd. These persons, with their prisoner, had stopped at the house of Brasil. The defend-

2c

ants' came to Brasil's and were busily talking together, but of what they were talking the witness could not say. A short time after this, and within about a quarter of a mile of Brasil's, the assault was made, the defendants being the assailing party. The defendants objected and excepted to the admission of the evidence that they were busily talking together. The court said: "The evidence was properly admitted. The conduct, demeanor and expressions of the accused at or about the time of the offense with which he is charged are always admissible evidence. Their value is to be determined by the jury, and depends upon their connection with other evidence, criminatory or exculpatory."

In *Miller's case* (107 Ala. 40), a witness for the State, at whose house the defendant was boarding, testified among other things, that the defendant prior to the killing, came to her house to supper; that he did not engage in conversation, speaking only when he was spoken to; that he appeared angry. He was generally pleasant and talkative, but that night he was not. The defendant moved to exclude the statement that he appeared angry, which motion was overruled and an exception reserved. This court, speaking through Justice Head, sustained the ruling, and we think properly. It is true the point here insisted upon does not appear to have been made. Doubtless if it had, it would have been held to have been without merit.

In *Johnson v. The State*, 17 Ala. 623, the court, speaking to the point here under consideration, said: "If the conduct, demeanor and expressions (facial) of the accused, subsequent to the crime, may be proved as evidence of conscious guilt, although to be received cautiously, it is not obvious why the same indications, at or about the time of the crime, may not be proved for the same purpose." It is true as we shall show further on, that this case has been departed from, but not on this point. The case of *Henry v. The State*, 79 Ala. 42, cited by appellant as supporting his contention is not in point. In that case, it was the manner and conduct of the party assaulted, towards a third person, some hours previous to the assault upon him by defendant, that was attempted to be introduced in evidence by the defendant. Clearly

the question involved in that case was entirely different from the one involved here.

The other ground of objection taken to the admissibility of the evidence was, that it is a conclusion of the witness. We do not understand that this ground is insisted upon. It is true the cases of *Gassenheimer v. The State*, 52 Ala. 313; *McAdory v. The State*, 59 Ala. 92, and *Johnson v. State*, 17 Ala. 618, are cited in brief, but they seem to be relied upon to support the contention which we have disposed of. In those cases, it was held that the evidence under consideration was objectionable because it is an opinion of the witness. They have, however, long since been departed from and were in terms substantially overruled in *Prince v. The State*, 100 Ala. 147. See also *S. & N. A. R. Co. v. McLendon*, 63 Ala. 275; *Carney v. The State*, 79 Ala. 17; *Jenkins v. The State*, 82 Ala. 25; *Burney v. Torrey*, 100 Ala. 157; *James v. The State*, 104 Ala. 20; *Thornton v. The State*, 113 Ala. 43; *Miller v. The State, supra.*

The first written charge requested by defendant was in this language: "In this case, the evidence is all circumstantial." This the court refused, and properly so. It was a mere statement of a fact, which was as well known to the jury as to the court. It has not embodied in it a single element of a charge or instruction to the jury. It states no proposition of law and could not possibly have aided the jury in their deliberations. "The essential idea of a charge is that it is an authoritative exposition of the principles of law applicable to the case or to some branch or phase of the case, which the jury are bound to apply in order to render the verdict, establishing the rights of the parties in accordance with the facts proved."—11 Ency. Pl. & Pr., p. 56, and notes; 1 Bouv. Law Dic., p. 310.

The refusal of the other two written charges requested by defendant might well be rested upon what we have said above. Besides, every proposition of law involved in them is embodied in substantially the same form in charges which were given at his request. The court was under no duty to repeat these instructions.—*Koch v. The State*, 115 Ala. 99, and cases there cited.

Affirmed.