# Hicks *v.* The State.

## *Carrying Concealed Pistol.*

(Decided June 19, 1912. 59 South. 231.)

*Witnesses; Impeachment; Bias.*—It is error to exclude evidence tending to show what was the state of feeling between the defendant and one of the principal witnesses for the State.

APPEAL from Andalusia City Court.

Heard before Hon. A. L. RANKIN.

John Hicks was convicted of carrying a concealed pistol and he appeals. Reversed and remanded.

The charges requested by the defendant are as follows:

(1) "The law presumes this defendant innocent; this presumption of innocence is thrown around this defendant on this trial and is so to remain until the state has

proven from all the evidence and beyond all reasonable doubt his guilt, and this presumption of innocence is to be regarded by you and considered with all the other evidence; and every reasonable doubt of the guilt of the defendant, as charged in the affidavit in this case made by the state's witness J. C. Worley, must be resolved in favor of the defendant."

(2) "If the jury is reasonably satisfied from all the evidence that the witness J. C. Worley, for the state, made the statement to the witness Wood that the defendant did not have a pistol, but a bicycle pump, then you may consider the same; and if, from all the evidence in this case, you are reasonably satisfied that such witness for the state has testified in this case as to any material facts incorrectly and untruly, then you may disregard his evidence in this case in your discretion."

A. WHALEY, for appellant. The court erred in not admitting the testimony.—*Holmes v. The State,* 100 Ala. 80; *Polk v. The State,* 62 Ala. 237; *Henry v. The State,* 79 Ala. 42; *McHugh v. The State,* 31 Ala. 317. The court erred in refusing charge 1.—*Fowler v. The State,* 151 Ala. 21. The court erred in refusing charge 2.—*Churchwell v. The State,* 117 Ala. 124; *Jordan v. The State,* 81 Ala. 20.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Counsel discuss the errors complained of, but without citation of authority.

PELHAM, J.—The defendant was tried and convicted of carrying a pistol concealed about his person. J. C. Worley, one of the principal witnesses against the defendant, testified to facts showing the guilt of the accused. The defendant examined as a witness in his be-

half one Ben Adams, and undertook to show by Adams the state of feeling existing between the witness J. C. Worley and the defendant. The solicitor interposed objections, and the court sustained the state's objection and refused to allow the defendant to prove by the witness the state of feeling existing between Worley and the defendant. In this the court was in error. The defendant had a right to prove the state of feeling for the purpose of showing bias or ill will.—*Henry v. State,* 79 Ala. 42; *McHugh v. State,* 31 Ala. 317; *Jones v. State,* 76 Ala. 8; *Polk v. State,* 62 Ala. 237; *Fincher v. State,* 58 Ala. 215; *Lodge v. State,* 122 Ala. 97, 26 South. 210, 82 Am. St. Rep. 23.

The other rulings on the evidence are free from error, and the two charges requested by the defendant were properly refused; but for the error pointed out the case must be reversed.

Reversed and remanded.