(82 South. 555)

### ARNETT v. STATE. (8 Div. 634.)

(Court of Appeals of Alabama. June 30, 1919.)

1. CRIMINAL LAW &=1114(2)—APPEAL—QUESTION REVIEWABLE—RECORD — DEMURRER TO EVIDENCE.

Ruling on accused's demurrer to evidence is not reviewable, where it does not appear in record, but only in bill of exceptions.

2. CRIMINAL LAW &=688—TRIAL—DEMURRER TO EVIDENCE—EFFECT.

A demurrer to the state's evidence by the accused ends the case, either for or against accused, and it is not error to refuse to permit him to introduce evidence after his demurrer is overruled.

3. CRIMINAL LAW &=1165(3) — APPEAL — HARMLESS ERROR — ERROR FAVORABLE TO DEFENDANT.

If it is error to submit case to the jury after overruling defendant's demurrer to the state's evidence, instead of the court rendering judgment of guilty, as he might, it is error favorable to defendant, of which he cannot complain.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Henry Arnett was convicted of manufacturing spirituous, vinous, and malt liquors contrary to law, and he appeals. Affirmed.

Paul Hodges, of Florence, for appellant. J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was convicted for operating a still; the specific charge as laid in the indictment being, that he "did make or manufacture, or was engaged in making or manufacturing, spirituous, vinous, or malt liquors contrary to law," etc.

On the trial of his case, it was shown by the state that the sheriff of the county had found a fully equipped and set-up so-called "wild-cat still," and that it was in operation near the residence of one Will Wesson, who was jointly indicted with appellant (but not on trial); that at said place there was also found a large quantity of whisky and some beer; that after the indictment was returned

into court the defendant fled from the state and became a fugitive from justice, and was apprehended by the federal authorities in a distant state and brought back to Alabama.

There was other testimony offered by the state which tended to show that the defendant was seen at the still in question, that there was a fire under the still at the time, and that the witness (Rhodes) supposed the still was then and there in operation; that the defendant and Will Wesson were making whisky, and that there was nobody at the still but these two when the witness arrived there; that defendant was dressed in overalls, and that he saw him drink some of the beer; that signs of the still being operated were fresh and very evident. The venue was proven, and the state then rested its case. Whereupon the defendant demurred to the evidence, which demurrer was overruled by the court, and the defendant thereupon sought to introduce evidence in his behalf, and excepted to the ruling of the court in not permitting him to offer evidence, after having demurred to the evidence of the state.

[1] The ruling on the demurrer to the evidence, not appearing in the record, but only in the bill of exceptions, is not reviewable here. Thayer v. State, 138 Ala. 39, 35 South. 406.

[2] The court did not err in declining to allow the defendant to introduce evidence in his behalf after the demurrer to the evidence had been interposed and ruled upon by the court, as a demurrer to the evidence ended the case then and there, either for or against the defendant. Hainsworth v. State, 136 Ala. 13, 17, 34 South. 203, and cases there cited. The case of Martin v. State, 62 Ala. 240, cited by defendant, may be taken as an authority against, rather than in support of, the contention of the defendant, as the venue in the case at bar was clearly proven by the first witness (Romine) introduced by the state.

[3] The effect of the demurrer to the evidence, made by defendant, was to assume the burden that he admitted every inference or deduction which the jury could legally deduce from the evidence offered by the state. The fact that the court submitted the case to the jury is certainly a matter of which the defendant cannot complain, for, the demurrer having been overruled, the court itself, if the evidence so warranted, had the right and authority to enter a judgment of guilt against the defendant; but in this case, instead of so doing, the court, under a fair and impartial oral charge, to which no exception was reserved, submitted the question of guilt or innocence of the defendant to the jury, and if this action of the court could be said to be error, it is certainly without injury to defendant; the result of the action of the court in this connection being to accord to the defendant really more than he was entitled to under the status of the case.

The written charges were properly refused. The record is free from error, and the judgment of the circuit court is affirmed.

Affirmed.