(101 So. 98)

**WHIGHAM et al. v. STATE. (4 Div. 902.)**

(Court of Appeals of Alabama. June 30, 1924.)

**1. Criminal law ⬅363—Details of fight between defendant and third person, leading up to stabbing held admissible as res gestæ.**

Where deceased interfered in a fight between accused and another, and there was one continuous fight until he received the knife wounds causing his death, details of the difficulty between accused and such other were admissible as res gestæ.

**2. Criminal law ⬅363—Scope of res gestæ rule stated.**

In homicide prosecutions, all that was said and done at time of the difficulty, whether by defendants or any other participants, and all that occurred immediately prior thereto, leading up to and explanatory of the tragedy, is admissible as part of res gestæ.

**3. Witnesses ⬅374(1)—Defendant may testify to ill feeling of state's witness toward him, but not cause and details of and occasion thereof.**

Defendant, in a murder prosecution, may testify to state of feeling of a state witness toward him, to show bias or ill will, but not the cause and details of the occasion of such feeling.

**4. Criminal law ⬅448(3)—Defendant's testimony that state's witness did not like him because defendant beat him at gambling held inadmissible.**

Defendant's testimony that state's witness did not like him, because defendant beat him at gambling *held* inadmissible as mere conclusion as to condition of witness' mind.

**5. Criminal law ⬅448(3)—Witness may not testify to mental attitude of another person.**

A person may not testify to mental attitude of another.

**6. Criminal law ⬅763, 764(7)—Defendant's instructions held properly refused as misleading and invading jury's province.**

In murder prosecution, defendant's instructions that, if the jury believe the evidence, deceased struck the first blow, and spoke the first words, bringing on the difficulty, etc., and defendant did not provoke or bring it on, *held* properly refused as misleading and invading province of the jury.

**7. Homicide ⬅300(12)—Evidence held not to justify instruction dealing with law of self-defense.**

In a murder prosecution, an instruction on self-defense *held* properly refused as not predicated upon the evidence.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Alberta Whigham and Joe Jones were convicted of murder in the second degree, and appeal. Affirmed.

Charges 1, 2, and 3, refused to defendants, are as follows:

"(1) The court charges the jury that if you believe the evidence the deceased struck the first blow and spoke the first words and thus brought on the difficulty with the defendant, Alberta Whigham, on the occasion of the cutting of the deceased, as charged in the indictment.

"(2) The court charges the jury that, if you believe the testimony, the defendant did not provoke or bring on the difficulty with the deceased on the occasion of the cutting of the deceased as charged in the indictment.

"(3) The court charges the jury that, if the defendant did not provoke or bring on the difficulty with the deceased, was free from fault in bringing it on, and that she used only such force as was necessary to repel force by force, and could not retreat without increasing her peril, and stabbed or cut the deceased in order to protect her life, acting under the honest belief that it was necessary to use such force to protect her life, or her body, or her limbs, from

great bodily harm, then you must acquit the defendant."

A. Whaley, of Andalusia, for appellant.

It was error to exclude testimony of Joe Jones as to the state of witness Gainer's feeling toward him. Hicks v. State, 4 Ala. App. 120, 59 South. 231.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Testimony as to the difficulty between the first two women was admissible as of the res gestæ. Moulton v. State, 19 Ala. App. 446, 98 South 709. A witness may not testify as to the mental attitude of another. Spurlock v. State, 17 Ala. App. 109, 82 South 557.

FOSTER, J. The appellants were tried for murder in the first degree, convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for a term of ten years.

The testimony for the state was directed to showing that the appellant Alberta Whigham and one Mary Smith, called "Little Bit," were having a fight, in which appellant Alberta Whigham cut "Little Bit" several times with a knife; that the deceased, Iseral Palmer, alias Jabo, said, "You are all going to let this woman [referring to appellant Alberta Whigham] kill 'Little Bit.'" Deceased then slapped Alberta, and she and Joe Jones (appellant) "made after Jabo with a knife." Jabo ran several steps, got a rotten limb, and went back and struck Alberta, the limb broke, and Alberta started after Jabo with a knife, and Jabo ran a short distance and got another piece of limb, and went back and struck Alberta again, and when he hit her with a stick that time Joe Jones (appellant) ran up with a stick two or three feet long and hit Jabo with it, at the same time running into Jabo, when they clinched and fell, Joe Jones falling on top. While they (Joe and Jabo) were down Alberta Whigham ran into them and stabbed Jabo several times with a knife, the wounds producing death.

The evidence for the defendant tended to show that Jabo (the deceased) struck Alberta Whigham with a stick, knocking her down, threatening to kill her, and that she cut him while he was striking her, and that Joe Jones had nothing to do with the fight.

[1, 2] It is insisted by appellants that the court erred in admitting in evidence the details of the difficulty between Alberta Whigham (appellant) and "Little Bit." The deceased interfered in this fight, and there was one continuous fight until he received the knife wounds causing his death. In homicide prosecutions it is permissible to show as part of the res gestæ all that was said and done at the time of the difficulty, whether by the defendants or any others participating in it, and all that occurred immediately prior thereto leading up to, and explanatory of,

the tragedy. Blevins v. State, 204 Ala. 476, 85 South. 817; Brown v. State, 109 Ala. 70, 20 South. 103; Moulton v. State (Ala. App.) 98 South. 709;[1] Shumate v. State, 19 Ala. App. 340, 97 South. 772.

[3, 4] While one of the appellants (Joe Jones) was testifying on direct examination his counsel propounded to him the following question:

"What is his [referring to Nelson Gaynor, a state's witness] state of feeling toward you and Alberta or either of you?"

The answer was:

"Well, he was mad with me and he didn't like me because I could beat him gambling. I could beat him all the time."

The court sustained the state's motion to exclude the answer, and the defendant reserved an exception to this ruling of the court.

[5] It was permissible for the defendant to prove the state of feeling of the witness Gaynor toward him for the purpose of showing bias or ill will. Hicks v. State, 4 Ala. App. 120, 59 South. 231; Henry v. State, 79 Ala. 42; Lodge v. State, 122 Ala. 97, 26 South. 210, 82 Am. St. Rep. 23. But it was not permissible for the defendant to state the cause of the bad feeling and the details of the occasion of such feeling. Tuggle v. State (Ala. App.) 98 South. 815.[2] The statement was a conclusion of the witness of the condition of Gaynor's mind, that Gaynor did not like him because he could beat Gaynor gambling. A person may not testify to the mental attitude of another. Spurlock v. State, 17 Ala. App. 109, 82 South. 557; Bailey v. State, 107 Ala. 151, 18 South. 234.

The witness Joe Jones testified that he and the witness Gaynor had been gambling during the time the others had been playing there. That he had been in every game the witness was in was not material to any issue in the case, and the action of the court in excluding that part of the answer was without error.

[6] Charges 1 and 2 were invasive of the province of the jury, were misleading, and were properly refused. Conn v. State, 19 Ala. App. 209, 96 South. 640.

The evidence for the state tended to show that the deceased intervened to prevent the appellant Alberta Whigham from killing "Little Bit," and that Alberta was cutting "Little Bit" with a knife.

In Dill v. State, 25 Ala. 15, it was said:

"If one see another about to perpetrate a felony, he may use such force to prevent it as may be necessary; and if, while so engaged, he is intentionally killed, it will be murder in the slayer."

This broad rule has been modified in later decisions.

---

[1] 19 Ala. App. 446.          [2] 19 Ala. App. 541.

In Bostic v. State, 94 Ala. 47, 10 South. 602, it was held that, if a blow was struck to prevent a homicide of another, the other, as well as the actor, must be in condition to invoke the doctrine of justifiable defense. In the instant case it was claimed by the state that the blow was struck by the deceased to prevent the killing of "Little Bit;" and there was evidence from which the jury were authorized to find that "Little Bit" was in condition to invoke the doctrine of self-defense.

[7] Charge 3 was faulty as not predicated upon the evidence. Edwards v. State, 205 Ala. 160, 87 South. 179.

The judgment of the circuit court is affirmed.

Affirmed.

