# Webb *v.* Ballard.

### *Ejectment.*

1. *Writing containing relevant evidence admissible though part is irrelevant*—In an action of ejectment where the title depends on a sale made by order of the Probate Court, the report of the sale made by the administrator is competent evidence to show what land had been sold, its price, and the name of the purchaser, and a further statement in such report that the bid had been transferred to another, does not furnish ground for excluding the report from the jury as evidence.

2. *Presumption in favor of ruling of trial court.*—The appellate court will presume there was testimony justifying the rulings of the trial court, unless the record affirmatively shows the contrary.

APPEAL from Randolph Circuit Court.

Tried before Hon. J. R. DOWDELL.

Milton Webb brought suit in ejectment against Joshua Ballard for lands claimed by both parties through the same sale by an administrator. There was a trial of one of the questions involved in this case, in the Probate Court, and the appeal taken in that case is reported in 90 Ala. 357.

KELLEY & SMITH, for appellant.

STONE, C. J.—This was a statutory real action, brought by Webb against Ballard, for the recovery of a small tract of land in Randolph county. The land had been the property of one Presnell, and he died seized and possessed of it. Perryman became administrator of his estate, and in December, 1879, he obtained an order in the Probate Court of the county for the sale of the land for division among the heirs. The sale was made in January, 1880, and Webb, being the highest bidder, became the purchaser of the 120 acres sued for in this action. Up to this point both parties concede that the proceedings were in every respect regular, and the claim and right of each in and to the land depends on the maintenance of their validity. Webb claims as purchaser at that sale, and Ballard claims as a derivative purchaser under Webb's said bid and purchase. Ballard being in possession, this suit was brought to dispossess him.

To complete this chain of title, Webb read in evidence, without objection, the following record and documentary facts, which are in all respects regular on their face: Order

Vol. 97.

of sale made and entered December 24, 1879. Report of sale made by the administrator July 9, 1889. This report sets forth, after stating facts showing due and legal advertisement, that the lands were exposed to public sale on January 20, 1880, for one half cash and one half on a credit of twelve months, that Milton Webb was the highest and best bidder for the lands in controversy, stating the price, that he, Webb, was accepted as the purchaser at that price, and that he had complied with the terms of sale, and paid all the purchase-money. It further reported that the price bid and paid was not materially disproportionate to the value of the land. It prayed for confirmation of the sale, and an order to make title.

An order of the court made and entered July 25, 1889, confirming the sale, and ordering title to be made to Webb. Deed from administrator to Webb, but we are not able to ascertain its date. Certificate of acknowledgment of this deed bears date May 22, 1890. This suit was brought June 2, 1890. The plaintiff clearly made a *prima facie* case for recovery.

The defendant claimed to be a derivative purchaser under the purchase of Milton Webb, made at the administrator's sale. He claimed, and attempted to prove that one John S. Veal succeeded to all the rights of Milton Webb, so acquired by the latter's purchase. We will explain the nature of Veal's purchase from Webb further on, and set forth such evidence of the purchase, as is disclosed in the record before us. It was clearly shown, and not controverted, that whatever of interest and title Veal acquired by virtue of his contract with Webb, the same had been, by successive conveyances, transferred to, and vested in Ballard, the defendant in this suit. So, the only controverted issue of merit in this case was, whether or not Veal had acquired the title to the lands in suit, under the agreement alleged to have been made with Webb, and under other steps he showed had been taken by the administrator, and in an order of the Probate Court. The proceedings and orders were as follows: First, what was claimed to be a report of sale, made by Perryman as administrator. It contained due recitals of the order of sale, of advertisement, and of the place and time of sale, January 20, 1880. It was addressed to Reaves, judge of probate, whose term of office expired in 1886. It was without date. The substance of this report, so far as it effects this case, is in the following words: "At said sale Milton Webb became the purchaser of [the land sued for] and transferred his bid to John S. Veal for $78.00.

[Webb v. Ballard.]

Said administrator further reports that said parties have complied with the terms of said sale, that said sale was fairly conducted, and that said realty sold for an amount not greatly disproportionate to its real value. Wherefore he prays that an order be granted authorizing him to make title to the parties, and to the land above shown."

As we have said, this report discloses no date showing when it was made. There was indorsed upon it, "Filed May 8th, A. D. 1889." A witness testified "that he had been well acquainted with the files of papers in the case of D. A. Perryman as administrator of the estate of Jacob Presnell, deceased, since the summer of 1887, and that the above report was in said file of papers when he first examined it; but that said paper had no writing on it, showing that it had ever been filed by any person, and that it had never been recorded. That said indorsement of filing thereon was placed there by Judge T. J. Thomason at the time he recorded it in May, 1889."

Second, a record copy of the following order: "Court of Probate for Randolph County, Alabama, Dec. 27th, 1881. This day came D. A. Perryman, administrator of the estate of Jacob Presnell, deceased, and filed his report of the payment of the purchase-money for lands belonging to said estate sold by him as such administrator, on the——day of ——, which report being examined, approved and entered of record, and ordered that said administrator proceed to convey all the right, title, interest which deceased had at the time of his death in and to said property. S. E. A. Reaves, Judge Probate."

Third, deed of Perryman, administrator, &c., to John S. Veal, bearing the same date—December 27, 1881—conveying the lands in controversy to him. This deed contains this clause: "At which sale one Milton Webb became such highest bidder for said real estate and the purchaser thereof, at the price of seventy-eight 10-100 dollars, and did comply with the terms of sale, and transferred his bid to John S. Veal." Unless the clause copied be an irregularity, the deed is in all respects in good form.

The plaintiff objected to the introduction of the foregoing instruments of evidence, and in each instance assigned various grounds of objection. The objections cover every conceivable ground of objection to the several instruments of evidence. The court overruled all the objections, received the evidence, and the plaintiff reserved exceptions to the several rulings.

The main objections to the introduction of the report of

sale in evidence were two-fold : First, that it reported the transfer of Webb's bid to Veal, and not only does not show that such transfer was in writing, but, by a strong implication, shows there was no written transfer. The second objection was that the report fails to show a payment of the purchase-money, and therefore fails to authorize the granting of an order to make title.

If the question had been, not the admissibility of the testimony, but its sufficiency to authorize the order and deed to Veal, it would seem it was not sufficient. A transfer of such bid and purchase, it would seem, should be in writing.—Sess. Acts, 1880–81, p. 29, Code of 1886, § 2124 ; *Anderson v. Bradley*, 66 Ala. 263 ; *Pruitt v. Holly*, 73 Ala. 369 ; *Webb v. Ballard*, 90 Ala. 357. But that was not the question in this case. Neither was it material, in the form in which the question was raised, whether the report can be interpreted as an affirmation that all the purchase-money had been paid. The report does affirm what land had been sold, the price at which it was sold, the name of the purchaser, and that the purchase price was not materially disproportionate to the value of the land. The report was competent to prove these facts, and the Circuit Court did not err in receiving it in evidence. If on the other points it was insufficient, that would present a question for a charge, or for a motion to exclude, dependent on the nature of the imperfection. Such motion is premature, if made before the testimony on that side is closed ; for it can not be known till then whether or not he will supply the missing link in his testimony.—3 Brick. Dig. 443, § 570.

The objections to the order of the court, offered and received in evidence, are of the same character as those last above considered. That order was an approval of the report, and contained a direction that it be " entered of record." For these purposes it was clearly legal evidence, and the court did not err in receiving it. If it was imperfect as an order to make title, that was no ground for excluding it as evidence. It should have been raised by a charge.

What we have said on the two points last considered is conclusive to show the court did not err in receiving the deed in evidence. On its face it shows a proper conveyance of title.

The court, on being requested in writing, gave the general charge in favor of the defendant, and that is assigned as error. The record fails to show it contains the substance of all the testimony, and hence we can not know what was proved in the Circuit Court. It may, for aught we can

[Murray v. Hoyle.]

know, have been proved that Webb transferred his bid to Veal in writing, and there may have been another report made by the administrator to the Probate Court, setting forth that the purchase money had been paid in full. It is our duty to presume there was testimony which justified the rulings of the court, unless the record affimatively shows the contrary.—3 Brick. Dig. p. 81, § 45; *Ib.* 110 § 54. It is no where shown that there was not testimony which supported the charge given, and, as we have shown, it is our duty to presume there was such testimony. The record fails to show that the Circuit Court erred in any of its rulings.

If in truth there was an exchange of lands between Webb and Veal, and pursuant to the agreed exchange Veal conveyed to Webb the lands given in exchange, and, with Webb's permission even orally given, took and held possession, asserting and doing acts of ownership, this took the contract without the influence of the statute of frauds, and armed him and those succeeding to his right, if there be nothing else in the transaction, with an equity paramount to any right Webb can assert.

The judgment of the Circuit Court is
Affirmed.