# Sanders *v.* Edmonds.

*Action on Contract for Personal Services Rendered.*

| 98 | 157 |
|----|-----|
| 128 | 634 |

1. *Affirmative charge ; bill of exceptions not setting out all the evidence.* The affirmative charge should never be given when evidence is conflicting, or different inferences can be drawn from it. But where the bill of exceptions does not purport to set out all the evidence, the presumption will be indulged, where such charge is given, that there was testimony to support the ruling of the court, if under any state of proof it would be free from error.

APPEAL from Sumter Circuit Court.

Tried before the Hon. S. H. SPROTT.

This action was brought by J. B. Sanders, to recover the sum of fifty dollars claimed to be due him from William Edmonds on a written contract for labor and services to be rendered him by said Sanders for the year 1887.

The Court gave the affirmative or general charge in favor of the defendant, on the evidence, which is the only error assigned on the appeal.

W. K. SMITH, and A. B. McEACHIN, for appellant, cited *Bromley v. Birmingham Mineral R. R. Com'p'y,* 95 Ala. 397.

J. J. ALTMAN, for Appellee.

1. Where the bill of exceptions contains some evidence and it is not expressly stated. that it is all the evidence in the case, the Court will not hold that the bill contains all the evidence. *Griggs v. State,* 58 Ala. 425.

2. Party claiming a reversal for error in giving general charge, must set out all the evidence. *Owens v. Calloway,* 42 Ala. 301; *Commissioner v. Goodwin,* 30 Ala. 242; *Gaines v. Harvin,* 19 Ala. 491; *Barnes v. Mobley,* 21 Ala. 232; *Griffin v. Bland,* 43 Ala. 542.

HARALSON, J.—The plaintiff was the only witness examined in the cause. By his evidence, it appeared that he was under written contract with the defendant to work for him during the year 1887, for $250, and for 144 pounds of bacon and 12 bushels of meal; that he received from defendant $200, the bacon and meal; that after he had per-

[Sanders v. Edmonds.]

formed the year's work, the defendant presented him with his account for the year, which showed a balance due him, of $5.77 ; that defendant in said account allowed him only $200, for services, and that he still owed him $50, which he demanded and defendant refused to pay.  On his cross examination he stated, that defendant presented him, in January, 1888, with his account for 1887, which account showed that defendant owed him $5.77, which he paid to plaintiff, and which he accepted.  But, he does not say, he accepted that sum in full payment and discharge of the balance due and claimed on said account; and whether he did or not, was a question of fact properly to be left to the determination of the jury, under appropriate instructions from the Court.  The plaintiff's evidence tends to show, that he did not accept said sum, intending it to be in payment of the amount he claimed as the balance due on the account for the year, but, that he accepted the same as a payment on that balance.  For the defendant, it may be said, the evidence was not without tendencies to show that plaintiff did accept said sum in full payment.  The Court thought so, for it gave the general charge in favor of the defendant, which was improper in the state of proof as shown.

We have repeatedly held, that when the evidence is conflicting, or where different inferences can be reasonably drawn from it, or where there is any evidence tending to establish the case of the other party, the general affirmative charge should never be given.  *Bromley v. Bir. M. R. Co.*, 95 Ala. 397, and authorities there cited.

The bill of exceptions does not purport to set out all the evidence, and the rule in such case is, that presumption will be indulged, that there was testimony to support the ruling of the Court, if under any state of proof, it would be free from error.  *Alexander v. Alexander*, 71 Ala. 295 ; *Mont. & Eu. R. R. Co., v. Kolb.* 73 Ala. 405 ; 3 Brick. Dig. 406, § 43.

In obedience to this established rule, we feel constrained to hold, that as there might have been other evidence introduced, not set out in the record, which would sustain the ruling of the lower Court, that it was introduced, and the judgment of the Court must be presumed to be correct.

Affirmed.