# Sanders v. Steen.

### Action of Assumpsit.

1. *Appeal; presumption in favor of rulings of trial court when*
   *bill of exceptions does not purport to set out all the evidence.*
   On an appeal, when the bill of exceptions does not purport
   to set out all the evidence introduced on the trial, the appel-
   late court will presume, if necessary to sustain the rulings of
   the trial court, in giving or refusing charges to the jury, that
   there was other evidence introduced on the trial in addi-
   tion to that set out in the bill of exceptions.

APPEAL from the Circuit Court of Lamar.

Tried before the Hon. S. H. SPROTT.

This was an action of assumpsit brought by the ap-
pellee against the appellant. The facts of the case
necessary to an understanding of the decision on the
present appeal are sufficiently stated in the opinion.

W. A. YOUNG, DANIEL COLLIER and J. C. MILNER, for
appllant.

NESMITH & NESMITH, *contra,* cited *Hood v. Pioneer*
*M. & M. Co.,* 95 Ala. 461; *Evansville & P. P. Co. v.*
*Slater,* 101 Ala. 245; *Wadsworth v. Williams,* 101 Ala.
254.

TYSON, J.—The original complaint filed in the cir-
cuit court contained the common counts. By amend-
ment three counts were added. The first additional
count sought to recover of the defendant $49.04 for
goods sold to him upon certain named dates and also
$12.81 for goods sold him upon certain other specified
dates.

The second one sought to recover $49.04 for goods sold
him by plaintiff for one Clanton.

The third was to recover $12.81 for goods sold him

by plaintiff for one Walker, with interest on each of said sums from November 1, 1892.

The only plea filed by defendant was that of the statute of frauds to which replications were filed by the plaintiff. The cause was tried upon the complaint as amended, the plea and the replications thereto.

The court at the request of the plaintiff in writing gave the written instruction to the jury "that if you believe the evidence you must find for the plaintiff for the sum of $49.04 with interest from the 1st day of November, 1892." Among the several assignments of error, the giving of this charge is assigned, and it is the only one insisted upon in argument.

The bill of exceptions does not purport to set out all the evidence. Where this is the case, under the uniform rulings of this court, the presumption will be indulged, that there was evidence before the lower court which authorized the giving of it. Non constat one of the plaintiff's replications was proven.—*Sanders v. Edmonds*, 98 Ala. 157; *Webb v. Ballard*, 97 Ala. 584; *Davis v. Badders*, 95 Ala. 348; *Montgomery & Eufaula R'y Co. v. Kolb*, 73 Ala. 405; *Southern Suspender Co. v. Van Borries*, 91 Ala. 507; 3 Brick. Dig. 406, § 43; *Hurd v. The State*, 116 Ala. 440; *Postal Tel. Cable Co. v. Hulsey*, 115 Ala. 193; *Torrey v. Burney*, 113 Ala. 496; *Burgin v. Raplee*, 100 Ala. 433.

Affirmed.