# Wildman *v.* The State.

*Indictment for selling Spirituous, Vinous or Malt Liquors without a License.*

1. *Selling spirituous, vinous or malt liquors; admissibility of evidence.*—On a trial under an indictment for selling spirituous, vinous or malt liquors without a license, where there is

[Wildman v. The State.]

evidence tending to show that the defendant at the request of the person to whom the liquor was sold, went to the house of another person and obtained the liquor, and put it at the place from which it was gotten by the purchaser, it is not competent to ask the purchaser if he did not afterwards understand or was not afterwards informed that the liquor belonged to a person other than the defendant.

2. *Charges of court to jury; when abstract.*—Charges to the jury when requested by the defendant, which are based upon facts of which there was no evidence adduced on the trial, are abstract and properly refused.

3. *Indictment for selling spirituous liquors; charge of court to jury.*—On a trial under an indictment for selling spirituous, vinous or malt liquors without a license, where there was evidence from which the jury were authorized to infer and believe that the defendant made the sale as charged and was interested in the liquor sold, a charge is erroneous and properly refused which instructs the jury that the proof fails to show that the defendant made the sale or was interested in it, and also fails to show that he had no interest in the liquor or in the money paid for it.

4. *Charges of court to jury; not necessary to repeat charges already given.*—It is not error for the court to refuse a charge requested by the defendant in a criminal case, which is substantially a duplicate or repetition of charges given by the court at the request of the defendant.

5. *Criminal case; general affirmative charge.*—On a trial in a criminal case, where there is abundant evidence from which the jury may find the defendant guilty, it is not error for the court to refuse the general affirmative charge requested by the defendant.

APPEAL from the Circuit Court of Lamar.

Tried before the Hon. S. H. SPROTT.

The appellant in this case, Tom Wildman, was indicted, tried and convicted for selling spirituous, vinous or malt liquors without a license. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (3.) "I charge you gentlemen of the jury, that if you believe from the

[Wildman v. The State.]

evidence in this case that the defendant bought the liquor outside of the prohibition district at the request of Billie Paul and W. J. Sandlin, or either of them and delivered it to them within the prohibition district on repayment of the money which he had advanced for it, you must find the defendant not guilty." (5.) "I charge you gentlemen of the jury that the proof in this case fails to show that the defendant made the sale or was interested in it; and it also fails to show that he had any interest in the liquor or in the money paid for it, either before or after the sale. It does tend to prove that he was agent or assisting friend of the purchasers; and assisted them in making the purchase. His guilt, therefore, could not be greater than that purchaser; and it would not be pretended that the purchasers either sold, or aided in the sale which the testimony tends to show was made." (6.) "I charge you gentlemen of the jury, that if you believe from the evidence that the defendant was merely agent or assisting friend of the purchasers and assisted them in making the purchase, his guilt could not be greater than that of the purchasers." (9.) "If the jury believe the evidence they must find the defendant not guilty."

WALTER NESMITH, for appellant.—The court erred in refusing to give the third, fifth and sixth charges requested by the defendant.—*DuBose v. State,* 87 Ala. 101; *Campbell v. State,* 79 Ala. 271; *Morgan v. State,* 81 Ala. 72; *Young v. State,* 58 Ala. 358.

MASSEY WILSON, Attorney-General, for the State. The court did not err in sustaining the objection to the question asked the witness Sandlin. It called for wholly immaterial evidence.—*Curtis v. State,* 118 Ala. 125.

The third charge was abstract, and, therefore, properly refused.—*Amos v. State,* 73 Ala. 498; *Taylor v. State,* 121 Ala. 24; *Roberson v. State,* 100 Ala. 37; *Brooks v. State,* 105 Ala. 133.

HARALSON, J.—The indictment in two counts is, first, for selling spirituous, vinous or malt liquors with-

out a license; and, second, for selling, giving away or otherwise disposing of the same kind of liquors without a license. It is in the form prescribed by the Code. Forms 79 and 80, p. 335 of Criminal Code. It appears by act approved, February 18th, 1899, (Acts, 1898-99, p. 108), that such liquors are prohibited to be sold in Lamar county.

One W. J. Sandlin, a witness for the State, testified that he, in company with W. J. Paul, went to the defendant's house in Lamar county at night, and calling defendant out, asked him if he had any liquor, and he replied that he did not; that these parties then asked him if he could not get them some, and he replied he did not know; that Sandlin told defendant, he wanted some liquor very much and would like for him to get it; that he wanted it for sickness, but did not remember telling defendant so, but did tell him he "needed it bad," and defendant then said, he would go and try to get it; that Paul told witness to give defendant the money, when he gave him a dollar, and defendant left, going across a field, between two houses; that defendant could have gone into those houses, but witness did not see him do so, nor did he know where he went; that witness and Paul remained at defendant's house, until he returned, when he told witness and Paul, that they would find a bottle of liquor down near the gate on a log, about seventy-five (75) yards distant from where they were; that witness and his associate looked for and found a bottle of whiskey on the log, and no one was there; that when defendant went after the liquor, nothing was said as to where he was going, and nothing was said as to where he came from, and that he lived with his mother, and no one lived in a half-mile of the place at that time. The defendant did not say, that one Vines said he would leave the liquor on a log. Defendant's counsel asked the witness: "If it was not his understanding afterwards, or if he did not afterwards learn, that it was one Vines' liquor they got off the log?" An objection to this question was properly sustained. What he understood, or what he afterwards learned touching the ownership of the whis-

[Wildman v. The State.]

key, was immaterial evidence.    The understanding of the witness in this connection was manifestly incompetent, and, as to what he afterwards learned about its being Vines' liquor, if he was told any thing about it, was the sheerest hearsay.

The defendant testified, that he had no interest in the whiskey, or the money paid for it, and received no commissions on the same, but simply went as the agent of Sandlin and Paul to see if he could get the whiskey, and stated when he came back that Mr. Vines said he would put the whiskey on the log; that Vines from whom he bought the liquor was dead; was not living in the neighborhood at that time, but was temporarily stopping around there; that he, defendant, went about one and a quarter miles, after leaving his own house that night, to where Vines was and paid him the dollar and told him that Sandlin and Paul desired that much whiskey, and was waiting at his house for it; that Vines said, to tell them that he would leave it on a log for them near the gate; that witness left Vines and started back, and Vines started that way, but the two did not go together, and witness told said parties who desired the whiskey, what Vines said.

Charge No. 3 requested by defendant is inapplicable to the case before us.    There is no evidence that defendant advanced the money for which the whiskey was sold, or that he was repaid any money by Sandlin and Paul, which he had advanced for them; nor is there any evidence that the liquor was bought outside of a prohibition district.

There was evidence from which the jury were authorized to infer and believe, that defendant made the sale and was interested in the liquor sold, and charge 5 was, therefore, not improperly refused.    Furthermore, it was argumentative.

The sixth charge was substantially duplicated in charges 2 and 4, given for defendant, and there was no error in refusing it.

There was abundant evidence on which the jury might have found the defendant guilty.    The general charge requested by him was properly refused.

Affirmed.