# Troup *v.* The State.

*Obtaining Money by False Pretense.*

(Decided April 22, 1909.  49 South. 332.)

1. *Trial; Order of Proof; Discretion of Trial Court.*—The enforcement of the rule as to the order of introduction of evidence is within the discretion of the trial court, and its rulings will not be reviewed in the absence of abuse; parties must ordinarily conduct the examination in an orderly manner, and not attempt to elicit evidence by piecemeal.

2. *Charge of Court; Invading Province of Jury.*—A charge asserting that there is no evidence that any witness who has testified was of good character, was not only argumentative, but was invasive of the province of the jury.

3. *Same.*—The issues being whether accused could have been at the place of the crime when it was committed, it was proper to refuse a charge asserting that if the jury believe that the defendant was in M. county, on a certain day, they must acquit the defendant.

4. *Same; Reasonable Doubt; Unanimity of Belief.*—A charge asserting that before you can convict each one of you must believe beyond all reasonable doubt that defendant committed the act charged, and if either member of the jury had a reasonable doubt, he must so find, did more than require a unanimity of belief of guilt beyond a reasonable doubt as it in effect made each juror the keeper of the consciousness of the other by requiring a single juror who doubts to find in accordance with his doubt.

APPEAL from Madison Law and Equity Court.

Heard before Hon. TANCRED BETTS.

Jack Troup, alias Ben Harris, was convicted of obtaining money by false pretenses, and he appeals. Affirmed.

The facts sufficiently appear in the opinion of the court. The following charges were refused to the defendant: "(1) I charge you, gentlemen of the jury, that there is no evidence in this case that any witness who has testified is of good character. (2) I charge you, gentlemen of the jury, before you can convict the defendant, that each one of you must believe from the evidence and beyond all reasonable doubt that defendant

was the man who traded the mule in controversy to Mr. Preston, and, if either member of the jury have a reasonable doubt that the defendant was the man who traded the mule, then it is the duty of such juror to so find. (3) I charge you, gentlemen of the jury, that if you believe from the evidence that the defendant was in Morgan county, near Decatur, in the forenoon of April 27, 1908, then it is your duty to acquit him."

WERT & LYNN, for appellant.—Charge 1 should have been given.—*Carter v. The State,* 103 Ala. 94; *Hale v. The State,* 122 Ala. 89. Charge 3 should have been given. Counsel discuss other assignments, but without citation of authority.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for the state. —The discretion of the court as to the further examination of a witness will not be reviewed.—*L. & N. v. Baker,* 96 Ala. 435. Charge 1 is properly refused.— *Thomas v. The State,* 43 South. 371; *Mitchell v. The State,* 136 Ala. 39; *White v. The State,* 133 Ala. 123. Charge 2 was properly refused.—*Evans v. The State,* 62 Ala. 6; *Andrews v. The State,* 144 Ala. 47.

SAYRE, J.—Jack Troup, alias Ben Harris, was convicted of a felony in obtaining money and property by false pretenses. His effort at the trial was to show an alibi, and that another Ben Harris had been mistaken for him as the guilty agent in the commission of the offense. He adduced testimony tending to support his theory. There was testimony to the effect that the other Ben Harris had gray hair about his temples, while defendant had not. After a witness, Jim Maples, had been examined by the state, cross-examined by the defendant, and examined in rebuttal by the state, he was di-

· [Troup v. The State.]

rected by the solicitor, we will presume to stand aside.
Thereupon defendant's counsel proposed to ask this
witness: "Did or not the man at your house on the night
of April 27th have gray hair about his temples or ears?"
The solicitor objected, and the court sustained the ob-
jection, saying that the examination must proceed along
orderly lines, and that the cross-examination had been
minute and prolonged.  Both direct and cross examina-
tion had touched upon the appearance of the defendant,
but no question had been asked in regard to the peculi-
arity here referred to.  The examination in rebuttal re-
lated to the witness' interest in the result of the trial
or his bias in favor of the party injured—nothing more.
The question called for an answer prima facie relevant
and material.  The ordinary rules of procedure, made
to the end that the truth may be elicited by the expe-
ditious as well as orderly examination of witnesses, re-
quire that parties must exhaust their cross-examination
of a witness when entered into.  Evidence is not to be
drawn out piecemeal.  But the rules relating to the order
of the introduction of testimony are for the most part
mere rules of practice, their enforcement or relaxation
rest in the sound judicial discretion of the trial judge,
and his exercise of it will not be ruled as error unless
an abuse is shown.  The defendant might well have been
allowed to have an answer to his question; but he ap-
pears to have had reasonable opportunity to develop the
entire knowledge of the witness, and we are not prepar-
ed to say that there was error in the ruling which re-
quires reversal.  Moreover, the defendant might have
had the benefit of the new matter he proposed to elicit
by calling the witness for himself in his turn.—Greenl.
Ev. § 431; Jones Ev. § 809 et seq.

Charge 1 was properly refused.  It was argumentative
in nature.  Courts cannot be required to declare to ju-

ries that there is no evidence of particular facts.—*Knox v. Fair,* 17 Ala. 503; *Jefferson v. State,* 110 Ala. 89, 20 South. 434; *Montgomery St. Ry. Co. v. Smith,* 146 Ala. 316, 39 South. 757; *Sherrill v. L. & N. R. R. Co.,* 148 Ala. 1, 44 South. 153; *Southern Coal & Coke Co. v. Swinney,* 149 Ala. 405, 42 South. 808; *Loveman v. Birmingham R., L. & P. Co.,* 149 Ala. 515, 43 South. 411.

Charge 2 does more than assert that unanimity among jurors as to belief of guilt beyond a reasonable doubt is necessary to a conviction. It asserts the duty of a single juror who doubts to find in accordance with his doubt, and thus in effect makes each the keeper of the consciences of his fellows. The charge was bad.—*Hale v. State,* 122 Ala. 85, 26 South. 236.

Charge 3 was properly refused. Under the facts shown, and those hypothesized by the charge, it was not at all clear that the court could deny the possibility of defendant's presence at the time and place of the commission of the offenses charged. That was for the jury.

We have examined all questions presented, and find no reversible error in the record.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.