# Diamond *v.* The State.

### Murder.

(Decided June 30, 1916.   Rehearing denied August 1, 1916.
72 South. 558.)

1. **Appeal and Error; Showing Error; Burden.**—The burden is on a convicted defendant to affirmatively show error.

2. **Charge of Court; Covered by Those Given.**—The trial court is under no duty to give duplicates of charges already given.

3. **Appeal and Error; Review; Scope.**—On appeal, every reasonable presumption is indulgd in favor of the correctness of the rulings of the trial court, and this presumption prevails unless overturned by an affirmative showing to the contrary.

4. **Same.**—Notwithstanding the record shows that written charges given at defendant's request were lost, it cannot thereupon be presumed that the other written charges refused him were refused for the reason that they were embodied in those already given.

[Diamond v. The State.]

5. **Charge of Court; Reasonable Doubt.**—An instruction that before there can be a verdict of guilt, each juror must be satisfied of defendant's guilt, beyond a reasonable doubt, and each juror must separately and segregately be so satisfied to support a conviction, pretermitted a consideration and deliberation by the jurors collectively, and was therefore properly refused.

6. **Same.**—An instruction asserting that to convict the jury must be satisfied to a moral certainty that the proof is wholly inconsistent with every rational conclusion, other than defendant's guilt, and that they must be convinced to the degree that they would each act on that decision in matters of the highest concern and importance to his own interest, has been often condemned.

7. **Same.**—A charge asserting that unless the evidence was so strong and cogent as to exclude from the minds of each and every juror every reasonable supposition except that of the guilt of defendant, they should acquit, is argumentative and properly refused.

8. **Same.**—A charge asserting that there is a legal presumption of innocence which is to be regarded as a matter of evidence by the jury to the benefit of which defendant is entitled, and as a matter of evidence, it attends defendant until his guilt is, by the evidence, placed beyond a reasonable doubt, is a proper charge and its refusal was error.

9. **Homicide; Self Defense.**—A charge asserting that if defendant approached deceased in a quiet and orderly manner, with the honest purpose to settle peaceably a difference between them, and deceased struck defendant in the face, the blows being sufficient to engender sudden heat of passion, sufficient for the time to dethrone defendant's reason, and make him regardless of its admonition, the jury cannot find defendant guilty, was invasive of the province of the jury and properly refused.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Revenell Diamond was convicted of manslaughter and he appeals. Reversed and remanded.

The case was one of a fight in which defendant cut to death his cousin, the defendant being a boy of about 16 years, and the deceased a man about 35. The evidence for the state tended to show an unjustifiable homicide, and that for the defendant tended to show self-defense. The following are the charges referred to as being refused to the defendant:

(2) Appears.

"(3) The court charges the jury that before they can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion; and, unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance in his own interest, then they must find the defendant not guilty.

"(4) The court charges the jury that unless the evidence in the case is so strong and cogent as to exclude from the minds of the jury, each and every one; every reasonable supposition but that of guilt of the defendant, they should acquit him."

"(7) The court charges the jury that there is a legal presumption of innocence which is to be regarded as a matter of evidence by the jury to the benefit of which the accused is entitled, and as a matter of evidence it attends the defendant until his guilt is, by the evidence, placed beyond a reasonable doubt."

"(11) The court charges the jury that if they believe from the evidence that the defendant approached the deceased in a quiet and orderly manner, and with the honest purpose and intention to peaceably settle a matter of difference between deceased and defendant, and the deceased struck the defendant a blow or blows in the face, which blows were sufficient to engender sudden heat of passion, which was sufficient for the time being to dethrone the reason of the defendant and make him regardless of its admonition, they cannot find defendant guilty."

(16) Affirmative charge.

(17) Same.

PARKS & PRESTWOOD, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—The only question presented for review arises from the refusal by the trial court of certain written charges requested by the appellant. Immediately following these refused charges as set out in the bill of exceptions occurs the following statement: "The presiding judge then gave at the request of the defendant the following charges, which were read to the jury. (The clerk will here set out the charges.)

"I have made thorough search for the charges given at the request of the defendant and have been unable to find them.
                                        "W. H. Jones, Clerk."

It is thus affirmatively shown on the record that special written charges, other than those refused, requested by the defendant, were given by the court and read to the jury.

(1-4) It is well settled that the burden is on the defendant to affirmatively show error (*Smith v. State,* 183 Ala. 10, 62 South. 864) ; that no duty rests upon a trial court to give duplicates of charges already given, and that it is not error to refuse

such duplicate charges (*Watkins v. State*, 133 Ala. 88, 32 South. 627; *Wildman v. State*, 139 Ala. 125, 35 South. 995); that every reasonable presumption will be indulged in favor of the correctness of the ruling of the trial court, and the presumption of correctness will prevail unless overturned by affirmative showing on the record to the contrary.—*Sanders v. Steen*, 128 Ala. 633, 29 South. 586; *Clardy v. Walker*, 132 Ala. 264, 31 South. 78; *Sanders v. Edmonds*, 98 Ala. 157, 13 South. 505; *Webb v. Ballard*, 97 Ala. 584, 12 South. 106; *Donaldson v. Wilkerson*, 170 Ala. 507, 54 South. 234; *Harper v. State*, 109 Ala. 28, 19 South. 857. In *Sanders v. Steen, supra*, the Supreme Court, in refusing to review the trial court for giving the affirmative charge in favor of the plaintiff in that case, said: "The bill of exceptions does not purport to set out all the evidence. Where this is the case, under the uniform rulings of this court, the presumption will be indulged that there was evidence before the lower court which authorized the giving of it. Non constat one of the plaintiff's replications was proven."

It is here insisted by the Attorney General, in view of the showing in this record, that it is just as reasonable to presume that the trial court refused the charges complained of by appellant for the reason that the same principles of law were embodied in other charges given at his instance, and that error is not affirmatively shown. While we recognize the force of the Attorney General's position, the question has been expressly ruled to the contrary in *Smith v. State, supra*.

(5) This brings us to a consideration of the charges requested by the defendant and refused by the court. In *Leonard v. State*, 150 Ala. 89, 43 South. 214, the trial court refused, among others, charges numbered 9 and 10, which we here set out. Charge 9: "The court charges you, gentlemen of the jury, that if any individual juror is not convinced of the defendant's guilt beyond a reasonable doubt and to a moral certainty, you cannot convict."

Charge 10: "The court charges you, gentlemen of the jury, that each juror is required to be satisfied of guilt of the defendant beyond a reasonable doubt before they are authorized to find a verdict of guilty, and each juror must be separately and segregately so satisfied to support a conviction."

The court, in disposing of the questions presented by the refusal of these charges, said: "Charges 9 and 10 should have

been given. A charge similar to these charges was held good in *Mitchell v. State,* 129 Ala. 23, 30 South. 348."

The charge in *Mitchell's Case* we find in these words: "The court charges the jury that before they can convict the defendant, the evidence must be so strong as to convince each juror of his guilt beyond reasonable doubt; and, if after considering all the evidence a single juror has a reasonable doubt of the defendant's guilt arising out of any part of the evidence, then they cannot convict him."

This charge goes no further than to assert the doctrine of a unanimous verdict and the doctrine that a reasonable doubt may arise out of any part of the evidence after a consideration of the whole evidence by the jury, while charge 10 in *Leonard's Case* goes further than to assert the doctrine of a unanimous verdict, and has a tendency "to inculcate the idea that the conclusion of each juror shall be reached and adhered to without the aid of that consideration and deliberation with his fellows which the law intends shall take place in the jury room."

In view of the fact that the court disposed of these two charges in a group and the holdings hereafter to be noticed, it is evident that the vice above pointed out was overlooked in that case.—*McCoy v. State,* 170 Ala. 15, 54 South. 428. In *Hale v. State,* 122 Ala. 89, 26 South. 237, in passing upon a charge asserting the same proposition, to wit, that the law requires a unanimous verdict, the court speaking by McClellan, C. J., said: "Several charges asked by defendant bearing a similitude to charge 7, refused by the circuit court to this defendant, have recently been brought under review in this court. Some of them have been held bad and others good, depending upon whether the particular charge under consideration asserted simply and only that the defendant should not be convicted so long as any one of the jurors had a reasonable doubt of his guilt. If it was clear to this intent and did not tend to mislead the jury to an acquittal upon a reasonable doubt of one or any number of the jurors less than the whole number, nor to inculcate the idea that the conclusion of each juror should be reached and adhered to 'without the aid of that consideration and deliberation with his fellows which the law intends shall take place in the jury room,' nor to render each juror the keeper of the consciences of his fellows, nor involve other misleading tendencies, the charge has been held to be good, and if it went beyond this, it has been disapproved."

[Diamond v. The State.]

In *Cunningham v. State,* 117 Ala. 59, 23 South. 693, the court, speaking through BRICKELL, C. J., said: "Charge numbered 7, requested by the defendant in the present case, is as follows: 'If there be one juryman who believes the state has not proven the defendant guilty beyond a reasonable doubt, and to a moral certainty, then this juryman should not consent to a verdict of guilty.' Aside from the inartificial manner in which the charge is drawn, it is vicious in that it is calculated to impress the mind of a juror with the idea that his verdict must be reached and adhered to without the aid of that consideration and deliberation with his fellow jurors which the law intends shall take place in the jury room."

In *Troup v. State,* 160 Ala. 125, 49 South. 332, charge 2 was: "I charge you, gentlemen of the jury, before you can convict the defendant, that each one of you must believe from the evidence and beyond all reasonable doubt that defendant was the man who traded the mule in controversy to Mr. Preston, and, if either member of the jury have a reasonable doubt that the defendant was the man who traded the mule, then it is the duty of such juror to so find."

The court, speaking by SAYRE, J.: "Charge 2 does more than assert that unanimity among jurors as to belief of guilt beyond a reasonable doubt is necessary to a conviction. It asserts the duty of a single juror who doubts to find in accordance with his doubt, and thus, in effect, makes each the keeper of the consciences of his fellows" (citing in support of this holding *Hale v. State, supra*).

Charge 2 in this case is in this language: "The court charges the jury that before they would be authorized to return a verdict of guilty each juror is required to be satisfied of defendant's guilt beyond a reasonable doubt and each juror must separately and segregately be so satisfied to support a conviction."

It requires no argument to show that this charge is subject to the vice that it does more than assert the doctrine of a unanimous verdict and has a tendency "to inculcate the idea that the conclusion of each juror should be reached and adhered to without the aid of that consideration and deliberation with his fellows which the law intends shall take place in the jury room," and was properly refused.—*Troup v. State,* 160 Ala. 125, 49 South. 332; *Hale v. State,* 122 Ala. 89, 26 South. 236; *Cunningham v. State,* 117 Ala. 59, 23 South. 693.

(6) The cases of *Burton v. State*, 107 Ala. 109, 18 South. 284, and *Brown v. State*, 108 Ala. 18, 18 South. 811, cited by appellant's counsel to sustain charge 3 refused to the defendant, have been expressly overruled and charges of this class condemned.— *Jones v. State*, 181 Ala. 63, 61 South. 434; *Shelton v. State*, 144 Ala. 106, 42 South. 30.

(7) In the recent case of *Smith v. State*, 197 Ala. 193, 72 South. 316, a charge of the same class as charge 4, refused in this case, was condemned, and all cases holding such charges good were overruled. See; also, *Richardson v. State*, 191 Ala. 21, 68 South. 57.

(8) Charge 7 is correct and the court erred in its refusal.— *Bryant v. State*, 116 Ala. 445, 23 South. 40; *Bailey v. State*, 168 Ala. 4, 53 South. 296, 390; *Chaney v. State*, 178 Ala. 44, 59 South. 604.

(9) Charge 11 is argumentative and invasive of the province of the jury.

Charge 11 is argumentative and invasive of the province of tre jury.

Charges 16 and 17 were properly refused.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

(Ed. Note—This case was reviewed by the Supreme Court, on application of the State, and the writ denied.)