(74 South. 840)

MILLER v. STATE. (8 Div. 408.)

(Court of Appeals of Alabama. April 3, 1917.)

1. CRIMINAL LAW ⬦693 — APPEAL AND ERROR—TIMELY OBJECTIONS.

Objection of an accused to evidence after witness has answered a question comes too late to authorize this court to review action of lower court.

[Ed. Note.—For other cases, see Criminal Law, Cent. § 1630.]

2. CRIMINAL LAW ⬦696(2) — APPEAL AND ERROR—WAIVER OF ERROR.

Where accused objected to the question asked a witness, but made no objection to the answer nor motion to exclude the same, the error, if any, is waived on appeal.

3. CRIMINAL LAW ⬦338(7)—TRIAL—EXCLUSION OF TESTIMONY.

Refusal to allow accused to show that the prosecution was begun in witness' court by L., who was mad at accused, is not error, where it does not appear that L. was the prosecutor or had testified in the case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 855.]

4. CRIMINAL LAW ⬦829(1)—APPEAL AND ERROR—REFUSAL OF INSTRUCTIONS COVERED BY CHARGE.

Refusal of an instruction fully covered by the charge as given is not error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011.]

5. CRIMINAL LAW ⬦798(1)—INSTRUCTIONS—REASONABLE DOUBT.

An instruction that, "if one of you does not believe beyond a reasonable doubt that defendant is guilty, you cannot find defendant guilty," is bad.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1940.]

6. CRIMINAL LAW ⬦814(17) — TRIAL — INSTRUCTIONS—ERRONEOUS REQUESTS.

Where evidence is positive, refusal to grant a requested charge on circumstantial evidence is not error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1979.]

7. CRIMINAL LAW ⬦784(4)—TRIAL—CIRCUMSTANTIAL EVIDENCE—MISLEADING AND ARGUMENTATIVE INSTRUCTION.

An instruction that circumstantial evidence "is always insufficient when, assuming all to be proved which the evidence tends to prove, some other reasonable hypothesis may still be true, for it is the actual exclusion of every other reasonable hypothesis which invests mere circumstances with the force of truth," is erroneous, being misleading and argumentative.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1884, 1960.]

8. CRIMINAL LAW ⬦815(2) — TRIAL — COMMENTS ON EVIDENCE.

Where judge does not undertake to tell jury what evidence was, he has a right in his charge to assume facts for purposes of illustrating the law of the case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1986.]

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Fayette Miller was convicted of public drunkenness, and appeals. Affirmed.

The following charges were refused to defendant:

(1) "In the application of circumstantial evidence to the determination of a case the utmost caution should be used. It is always insufficient when, assuming all to be proved which the evidence tends to prove, some other reasonable hypothesis may still be true, for it is the actual exclusion of every other reasonable hypothesis which invests mere circumstances with the force of truth."

(D) "I charge you, gentlemen, if one of you does not believe beyond a reasonable doubt that defendant is guilty, you cannot find defendant guilty."

The question to the witness Thompson, objected to, was as follows:

"What was his appearance?"

William Stell, of Russellville, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

SAMFORD, J. The defendant, Fayette Miller, was tried and convicted in the circuit court of Franklin county on the charge of public drunkenness and from a judgment of conviction he appeals.

[1] The objections to the evidence set out on pages 3, 4, and 5 of the transcript, in each instance having been made after the witness had answered the question, came too late to authorize this court to review the action of the lower court. Smith v. State, 183 Ala. 10, 62 South. 864.

[2] The defendant objected to the question asked the witness Thompson, as set out on page 3 of the transcript, but he did not object to the answer, nor did he move to exclude the same; therefore any supposed error of the court was waived; besides, the question was entirely proper.

[3] The court did not err in refusing to allow the defendant to show by the witness Sims "that the prosecution was begun in his (Sims) court by Lindley, and that Lindley was mad at Miller," it not having been shown that Lindley was the prosecutor, nor does it appear that he had testified in the case.

[4, 5] Charge D was fully covered by charge X; and therefore its refusal was not error. Smith v. State, 165 Ala. 50, 51 South. 610. Besides, the charge was bad. Diamond v. State, 15 Ala. App. 33, 72 South. 558.

[6, 7] The court did not err in refusing charge No. 1. The evidence in this case was positive, and this charge was inapplicable, as it charged on circumstantial evidence. Bailey v. State, 168 Ala. 4, 53 South. 296, 390. Besides this, the charge was misleading and argumentative, and for these reasons was a bad charge.

[8] We find no error in the general charge of the court. The court did not make the statement or undertake to tell the jury what the evidence was. He only hypothesized, as he had a perfect right to do, in illustrating to the jury the law of the case.

We find no error in the record. It follows, therefore, that the judgment of the lower court must be affirmed.

Affirmed.