(109 So. 561)

STOWERS v. STATE. (3 Div. 543.)

(Court of Appeals of Alabama. June 29, 1926. Rehearing Denied Aug. 31, 1926.)

1. Criminal law ⊚⟿363.

Evidence relating to the res gestæ is properly admitted.

2. Criminal law ⊚⟿423(1).

When jury might infer conspiracy for the sale and keeping of liquor, conspirator's words or deeds in furtherance of common design were admissible.

3. Criminal law ⊚⟿427(5).

Evidence held sufficient to warrant jury in inferring that defendant was in conspiracy with others to violate prohibition law.

4. Criminal law ⊚⟿363.

Where a house adjoining store of defendant was apparently being used by employee to violate prohibition law for benefit of both, held such house and surroundings became part of res gestæ, and evidence thereof was admissible to show conspiracy.

5. Criminal law ⊚⟿427(4).

Upon evidence sufficient to infer a conspiracy, every fact tending to prove conspiracy will be admissible.

6. Criminal law ⊚⟿1044.

Where question calls for illegal evidence and answer is responsive, objection and exception taken will be sufficient for review; where answer is not responsive, motion to strike answer and exception taken are necessary.

7. Criminal law ⊚⟿1171(1).

Whether remarks of solicitor in argument in criminal prosecution are ground for reversal must be determined from merits of each case.

8. Criminal law ⊚⟿753(1).

The evidence being in conflict, affirmative charge was properly refused.

9. Criminal law ⊚⟿829(1).

It is enough that refused charge was properly covered by oral charge.

10. Criminal law ⊚⟿813.

Abstract charges are properly refused.

On Rehearing.

11. Witnesses ⊚⟿337(6).

To permit proof of prior conviction of selling whisky to impeach credibility of defendant was reversible error in prosecution for violating prohibition law.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

George Stowers was convicted of violating the prohibition laws, and he appeals. Reversed and remanded on rehearing.

T. E. Martin and Ludlow Elmore, both of Montgomery, for appellant.

Counsel argue for error in rulings on evidence and argument of the solicitor, citing Cobb v. State, 20 Ala. App. 542, 103 So. 387; Brown v. State, 18 Ala. App. 275, 90 So. 278; Lyles v. State, 18 Ala. App. 62, 88 So. 375; Abrams v. State, 17 Ala. App. 379, 84 So. 862.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Rulings of the court upon admission of evidence and argument of counsel were without error. Snoddy v. State, 20 Ala. App. 168, 101 So. 303; Terry v. State, 17 Ala. App. 527, 86 So. 127.

SAMFORD, J. [1] There were many objections and exceptions taken and reserved during the taking of the testimony. To pass upon each of these would extend this opinion far beyond the lengths to which a consideration of these questions is entitled. Nearly all of these exceptions are without merit, and we hold that in each instance, where they related to the res gestæ, the objec-

⊚⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tions were properly overruled, or the action of the court was without prejudicial error, except as shall hereinafter appear.

[2] There being evidence from which the jury might infer that the defendant and Arthur Williams were particeps criminis in the sale of the whisky and the keeping of a place in which to sell prohibited liquors, everything said and done by Arthur Williams in furtherance of the common design was admissible in evidence against this defendant. Lancaster v. State, ante, p. 140, 106 So. 609.

[3-5] When the chief law enforcement officer was being examined as a witness for the state, he was permitted to testify over objections and exceptions of defendant that, shortly after the arrest of defendant and Arthur Williams, he arrived on the scene and made a search of a two-room house on a lot adjacent to the store of defendant, that in one room of this house a man named Crosby slept, that in this room he found nothing, but that in the next room he found about a truck load of bottles, siphons, glass jugs, funnels, etc., in which had been whisky, and in which there was still a little whisky. There was a wall fence built of 1 x 12 plank, more than six feet high between defendant's store and the adjoining lot on which is located the two-room house. At the northwest corner of the yard is a gate which is the entrance to the yard surrounding the two-room house. This house was shown to be the property of McIntyre Bros.

The evidence discloses that Crosby was working for defendant in his store where persons were seen and heard arranging for the purchase of liquor with Arthur Williams, who was also working for defendant. Crosby slept in the south room of the two-room house, in the other room of which was a "two-ton truck load" of bootleg paraphernalia. Williams was seen to go to the room and unlock it, thereby connecting him with the room and contents. When Williams took the three gallons of whisky from defendant's auto, it connected defendant with Williams, and when Williams went into the yard towards the room and was "on the side of this house next to town; that he was going to take the liquor and measure it up," it connected defendant with the premises and the room. A careful reading of this record discloses sufficient evidence from which the jury were authorized to conclude that defendant, Arthur Williams, Crosby, and perhaps others were in a conspiracy to violate the prohibition law. That being a fact, the two-room house, the yard, and surrounding buildings occupied by either or all of them became a part of the res gestæ, and, being a conspiracy, every fact tending to prove the conspiracy, even remote in itself, is admissible in evidence.

[6] The rule governing objections to questions and motion to exclude answers is, where the question calls for illegal evidence and the answer is responsive, an objection to the question, and an exception to the ruling of the court will present the ruling for review without a motion to exclude the answer. When the answer to the question is not responsive, the trial court will not be put in error unless a motion is made to exclude the answer and exception is reserved to the action of the court in overruling the motion. Miller v. State, 16 Ala. App. 3, 74 So. 840; White v. State, 209 Ala. 546, 96 So. 709; Haney v. State, 20 Ala. App. 236, 101 So. 533; Ex parte Haney, 211 Ala. 614, 101 So. 537; Moulton v. State, 19 Ala. App. 446, 98 So. 709; Ex parte Moulton, 210 Ala. 656, 98 So. 715. These cases are not clear as to the distinction here announced, but it will be observed that where the facts are stated in the opinion the distinction is always observed and followed.

[7] The remarks of the solicitor to which exceptions were taken are not sufficient upon which to predicate a reversal. Solicitors should be courteous in argument and confine their conclusions to deductions from the testimony, but each case must be decided upon its own merits, and in this case we hold that the remarks of the solicitor did not probably injuriously affect the substantial rights of the defendant; especially is this so when the charge of the court as to the solicitor's remarks was, "Don't take the argument into consideration at all."

[8-10] Refused charge 1, being the affirmative charge, was properly refused. Charge 2 was covered by the court in his oral charge. Refused charges 3 and A are abstract. We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

It is but fair to the court to state that, though a perfect mass of exceptions was reserved on the trial of this case in the lower court, no brief was filed by appellant on the original submission of the appeal, and the brief and argument on behalf of appellant comes on application for rehearing.

[11] In the original opinion, we were, perhaps, too general in making the statement in reference to rulings of the court upon the admission of testimony:

"Nearly all of these exceptions are without merit, and we hold that, in each instance where they relate to the res gestæ, the objections were properly overruled or the action of the court was without prejudicial error except as shall hereinafter appear."

It is now pointed out in brief and insistence is made that the trial court committed prejudicial error in permitting the state to prove that the defendant had been previously convicted of violating the prohibition law. This court has many times decided and recently has reiterated in Miller v. State (7 Div.

176, Ala. App.) 109 So. 528,[1] that error may be predicated upon a ruling of the trial court permitting proof of a prior conviction for possessing whisky not connected with the charge then being tried. We still adhere to that rule. In this case the solicitor on cross-examination was permitted to draw from the defendant the statement that he (defendant) had not been convicted on a charge of violating the prohibition law within the last two years, and then, over timely objection and exception, the solicitor was permitted to prove that defendant had been so convicted. This evidence was by the express ruling of the court limited to impeachment of defendant's testimony. That defendant had sold or had been convicted of selling whisky within two years was inadmissible and immaterial, and therefore could not be made the basis for the impeachment of his testimony. Abrams v. State, 17 Ala. App. 379, 84 So. 862.

The application for rehearing is granted. Affirmance set aside, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.