(128 So. 359)

**BAGWELL v. STATE.**

6 Div. 562.

Court of Appeals of Alabama.

Oct. 29, 1929.

Rehearing Denied Jan. 7, 1930.

John H. Bankhead, Jr., of Jasper, and A. H. Carmichael, of Tuscumbia, for appellant.

Charlie C. McCall, Atty. Gen., and L. D. Gray and M. E. Nettles, both of Jasper, for the State.

350

RICE, J. This is the second appeal in this case. 22 Ala. App. 567, 117 So. 906.

On a Sunday afternoon in April defendant and three young men companions were out riding. Something went wrong with the car, and it was stopped along the side of the road, where repairs were undertaken. A second car, driven by Gaines Jeffries, drove up, stopped, and some one in the Jeffries car asked if help was needed. Some one in defendant's party answered in the negative, and Jeffries drove off. Thereupon defendant stepped into the road and fired his pistol some four times. One shot entered the Jeffries car —then some distance up the road—passed through the hat of a young lady on the rear seat, and lodged in the temple of Gaines Jeffries. From this wound Jeffries soon afterwards dies. All the evidence tends to show an intimate, friendly relationship between defendant and Jeffries—fellow students, in the high school. Nor is there any evidence of hostility between defendant and any other member of the Jeffries party.

█ Over objection of the defendant, the state was permitted to show that, as the Jeffries car drove away, some one of the young people, in a jocular way, called out to the occupants of the defendant's car "Get a Ford"— the make of car being driven by Jeffries—or some remark of the same general purport. Defendant's car was a Chevrolet. In admitting this evidence the trial court committed no error. The remark, if made, was made just preceding the shooting. Clearly it formed a part of the res gestæ, and the jury was entitled to be acquainted with all the facts leading up to the tragedy and calculated to throw light upon it. Whigham v. State, 20 Ala. App. 129, 101 So. 98; Moulton v. State, 19 Ala. App. 446, 98 So. 709; Jones v. State, 17 Ala. App. 394, 85 So. 830; Collins v. State, 138 Ala. 57, 34 So. 993; Blount v. State, 49 Ala. 381; Armor v. State, 63 Ala. 173.

█ The witness Moore, testifying as a witness for defendant as to the distance between the two cars when the fatal shot was fired, was asked if the several others who were with him when measurements were made "agreed" that the locations of the cars and the distances were as given by the witness Moore. Objection to this question was properly sustained. Under the circumstances shown, it would have amounted to a species of hearsay, supplanting or superseding the *testimony* of the other witnesses themselves.

█ Nor was there error in sustaining objection to the question asking if this witness was an uncle of the defendant. Relationship between these parties was relevant to no issue in the case.

█ There was no error in sustaining objection to the question, propounded by defendant on the cross-examination of Tarwater, "I will ask you if he (defendant) wasn't crying at that time, or immediately after that?" This witness had already fully testified on this subject.

█ Charge A is bad in the use of the word *misadventure* without defining it. The result, if the charge had been given, would have been to submit to the jury a question of law.

█ Charge E lays too great stress upon the individual views of the jurors and was well refused. McClain v. State, 182 Ala. 67, 62 So. 241; Troup v. State, 160 Ala. 125, 49 So. 332; Holmes v. State, 136 Ala. 80, 34 So. 180; Oakley v. State, 135 Ala. 29, 33 So. 693; Diamond v. State, 15 Ala. App. 33, 72 So. 558; Jones v. State, 213 Ala. 390, 104 So. 773.

█ Other refused charges are either patently bad or covered by the oral charge of the court and special given charges.

█ As we have indicated above, there is an absence of any evidence of a motive. However, there is evidence to the effect that defendant deliberately took his stand in the middle of the road and fired point blank at the automobile in which deceased and his several companions were riding. While defendant denies that he purposely shot at the car or along the road—he testified that he "just shot"—the whole evidence made it a jury question whether he intentionally committed "an act of violence from which, ordinarily, in the usual course of events, death or great bodily harm may result." The defendant was not due the affirmative charge.

█ As we pointed out on former appeal, a verdict of manslaughter in the second degree would seem more rationally to follow a consideration of the facts in evidence; and, however tragic the result of defendant's act, yet it was the act of a youth only just past sixteen, and the verdict rendered would seem extreme. Nevertheless, the question was first for the jury, and no motion for new trial appears to have been made.

No error appearing, the judgment will be affirmed.

Affirmed.