JAMES H. FAULKNER, Retired Justice.
John Michael Chunn was indicted for the offense of murder, in violation of § 13A-6-2, Code of Alabama 1975. The jury found Chunn guilty of the lesser included offense of manslaughter, and he was sentenced to 17 years’ imprisonment. Two issues are raised on appeal.
I
Chunn contends that the court’s comments on the care and safety of the pistol during its charge to the jury were so prejudicial as to require reversal.
During the court’s instructions to the jury, the court stated:
“And, ladies and gentlemen, do not take anything I am saying as any comment on this case and I am not commenting on the case and I don’t want you to consider what I am going to tell you right now in even the tiniest degree when you are deliberating whether or not the defendant is guilty of anything. But you are going to be taking back into the jury room this pistol and this clip and these bullets. Now, it is not for me to say what these objects are. But if you stick this clip in this pistol and started tinkering with it, it is quite likely to kill somebody. So, please don’t do it. Look at the clip and what’s in it. Look at the pistol any way you want to look at it. But I recommend that you do not stick the clip in the pistol. For courtroom purposes I am not commenting on what’s proper outside this courtroom. All sorts of things are proper outside this courtroom that I wouldn’t want you all to do because there are so many of you and *393 the jury room is such a confined space. But in any event, be very careful about that. Please do not point this pistol at any person at any time. If you pick up this pistol, point it somewhere where, if it were to go off, it would not strike any person. Point it either directly down at the floor or if you put it down, I would like for you to put it down on the floor facing the far comer over there and let it sit there. I really don’t want this pistol sitting on a table facing any person or put the pistol where anything could happen with regard to it. I am saying that purely as a matter of courtroom safety that’s completely divorced from the conduct of the parties in this case. As I say, many things are proper outside a courtroom that you cannot do in a courtroom or in a jury room. But please observe that ruling.”
At the close of the court’s charge, defense counsel made the following objections:
“MR. BRISKMAN: Judge, I would except to that portion of the court’s oral charge when you gave restrictive instructions to the jury concerning the handling of the weapon, which is a state’s exhibit, the nine millimeter Taurus and the clip with eight bullets in it. Your Honor said it is quite likely it may kill someone. I think that was prejudicial. It would leave the jury to believe that the court’s concern as to the possession of a handgun that would put one on notice of a propensity for the mere handling of it to — for it to discharge accidentally, that they should be aware that that is a likelihood or a possibility. It was prejudicial to this defendant and we except to that portion of the court’s oral charge. We feel that it is so prejudicial that we would move the court to enter an order of mistrial.”
Defense counsel then pointed out to the court that when the pistol and clip were admitted into evidence, the bullets, rounds or cartridges were not in the clip, were not admitted into evidence, and were not taken into the jury room during their deliberation. The following then occurred:
“THE COURT: The bullets were out. All right. I will explain all that to the jury. I will tell them they won’t get the bullets. They will only get the clip and the pistol.
“MR. BRISKMAN: The problem that I have with that, Your Honor, is that I think that further emphasizes my concerns over the court’s expression of the possibility of someone getting killed or injured back there through the inadvertent discharge of the gun. I am not suggesting the court bring the jury back at this point in time and explain to them why the clip and the pistol are just going back.
“THE COURT: Bring them back in, Bob. I understand all that Donnie. But I will have to explain to them that the exhibit they will get, it is not as it was described. And whether the bullets go back there or not, they are going to have to be careful with this pistol.
“MR. BRISKMAN: We would respectfully except to that.
“THE COURT: I understand.
“(Jury present.)
“THE COURT: Now, ladies and gentlemen, the lawyers have pointed out to me that what was introduced into evidence— what was introduced into evidence apparently was the pistol with the clip inserted and without the bullets in it. Apparently that was the exhibit put into evidence. The bullets apparently were not in at that time and have never actually been introduced into evidence. I shouldn’t call them bullets. I could call them cartridges or rounds. Where are they at this point? You don’t have to pull them out. I just wanted to see where they are. They apparently were not introduced into evidence. So, they won’t go back to the jury [room] with you. Bob, come here and see that the chamber is clear?
“(Bailiff complies.)
“THE COURT: My instruction with regard to safety with the pistol is the same. Please do not point it at anybody.”
*394 When a trial court makes statements that might invade the province of the jury, such statements will constitute reversible error unless it is clearly shown that such remarks have been explained to and excluded from the jury. Dixon v. State, 448 So.2d 457 (Ala.Cr.App.1984). Where, however, a trial court makes an error in its instructions to the jury, a conviction will not be reversed when the error could have worked only in the defendant’s favor. Clister v. State, 553 So.2d 654 (Ala.Cr.App), cert. denied, 553 So.2d 654 (Ala.1989), cert. denied, — U.S. —, 110 S.Ct. 2572, 109 L.Ed.2d 753 (1990). Even if the court's charge to the jury is unsupported by the evidence, no reversible error will result where the record failed to establish any prejudice to the defendant by the judge’s charge. Hand v. State, 385 So.2d 652 (Ala.Cr.App.1980).
Applying these standards to the case at bar, we hold that the court’s safety instructions to the jury did not constitute reversible error, especially in light of the fact that these instructions were explained to and excluded from the jury’s deliberations and were essentially favorable to Chunn’s theory that the shooting was accidental.
During the court’s oral charge, the trial court emphasized to the jury on many occasions that it was not to interfere with the jury’s province in deciding the case and deciding what the facts were. The trial court stated to the jury:
“It is not my right to interfere with your duty of deciding what happened. And I wouldn’t trespass on your function at all. You ladies and gentlemen are the sole arbiters of the facts and the evidence. In other words, you are the ones and you are the only ones that get to figure out what to believe and what not to believe, how to put it together, how to interpret it, whose right and whose wrong, whether or not a crime has been committed, whether or not the defendant is guilty. That is your function, not mine. And I am not making any suggestion with regard to how you make those decisions. Please don’t let anything that I say to you be interpreted as meaning that I feel one way or another about how this case should turn out. I don’t because it’s not my right or my job to have feelings of that kind.”
The court further charged the jury that a homicide might result from carelessness of such low degree or trivial character in the performance of a lawful act as not to involve criminality. By telling the jury that the gun might go off accidentally in the jury room, the court implied that accidents could happen without a high degree of negligence or recklessness, thereby favoring Chunn’s chaim of accidental shooting.
Finally, the court instructed the jury repeatedly that its instructions as to the care of the gun and the clip in the jury room did not apply to the facts of the case or the liability of the parties. Hence, no reversible error occurred.
II
Chunn contends that the trial court committed reversible error in allowing the prosecutor to re-cross-examine him on matters not relating to the scope of the redirect examination.
“Questions as to the prosecuting attorney’s conduct in examining or cross-examining witnesses must ordinarily be left to the sound discretion of the trial court.” Sprinkle v. State, 368 So.2d 554, 561 (Ala.Cr.App.1978), writ quashed, 368 So.2d 565 (Ala.1979). The trial court has the discretion to allow or disallow a question on recross-examination that might properly have been asked on the first examination. Troup v. State, 160 Ala. 125, 49 So. 332 (1909).
During redirect examination of Chunn, defense counsel asked him two questions dealing with his status as an auxiliary police officer for the Chickasaw municipality. Over Chunn’s objection, the prosecutor proceeded on re-cross-examination to ask Chunn about his mental state at the time of the shooting, the actions of the victim immediately prior to the shooting, a description of the pistol and its bullets, and whether Chunn felt justified in shooting the victim. When the questions on re-cross-examination began to be repetitive of questions *395 asked and answered on prior cross-examination, the trial court sustained Chunn’s objections and terminated the re-cross-examination.
Although the prosecutor’s questions to Chunn on re-cross-examination did not specifically rebut any matters brought out on redirect, the trial court did not abuse its discretion in allowing the limited re-cross-examination, particularly in light of the fact that the questions asked on re-cross-examination might properly have been asked on the original cross-examination and the trial court sustained Chunn’s objections when the re-cross-examination became too repetitive of the cross-examination.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of this Court.
The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.